MANN, Judge.
Plaintiffs owned a mortgage on Alachua County land lying North of a certain point of beginning, given by mortgagors who held a deed to the same parcel but whose grantors owned property South of that point of beginning. The complaint alleges that no payments have been made since 1965, the parcel South has since been encumbered and their mortgage is uncollecti-ble. The defendant title insurance company admitted that it had erred but alleged that the plaintiffs had not proved damages, *676 since no action had been taken to enforce the mortgage, or even to reform it. Defendant’s motion for judgment on the pleadings was granted, and the final judgment determines that the title insurance company is liable on its obligation, fixes damages at zero and states that “the parties shall go forth henceforth without day.”
The title insurance contract is not a continuing obligation to purchase a mortgage which goes sour, as plaintiffs seem to think, but rather to defend the title insured against a claim of its invalidity. The option to pay the owners of the mortgage and succeed to their interest is the insurer’s. Clearly the plaintiffs should have brought an action' in Alachua County, whereupon the title insurance company would be obligated to support their mortgage against claims of invalidity on account of title.
In an early stage of this case, the trial judge granted summary judgment on liability and directed plaintiffs to allege their damages with particularity. They did not, and could not, but persisted in their attempt to bypass the essential Alachua County proceedings. Whether in those proceedings the plaintiffs should attempt to reform the mortgage or attempt to foreclose on the misdescribed land is a question we need not determine.
As a declaration of defendant’s liability on the policy, the judgment appealed from is correct, if useless. The contractual obligation set forth in the margin[1] continues and may be sued on in the correct forum.
The final judgment should have declared the insurer’s liability on the policy but dismissed the claim for damages without prejudice, and is accordingly affirmed in part and reversed in part and remanded.
HOBSON, Acting C. J., and Mc-NULTY, J., concur.

. “ * * * The Company at its own cost shall without undue delay defend the insured in all litigation consisting of * * * defenses * * * interposed against a foreclosure * * *, which litigation is founded upon a defect, lien or encumbrance insured against by this Policy * *