The dispositive issue in this case is whether an appeal which was invalid because it was taken from a judgment that disposed of fewer than all claims and did not contain the certificate required by ARCP 54 (b)[1], divested the circuit court from further power over the judgment. Mary M. Thames filed this action and by amended complaint added as parties defendant, appellees Skelton and Co., Stetson Whitcher, Ray R. Steeves, Finesse Co., C.J. Kittredge, and Jamie B. Stewart.[2]
Appellees filed a motion, supported by affidavits, to dismiss for lack of personal jurisdiction, improper venue and failure to state a claim upon which relief could be granted. On 1 December 1977 the circuit court entered an order which granted appellees' motion to dismiss, but did not expressly determine there was no just reason for delay, nor expressly direct the entry of judgment as required by Rule 54 (b), ARCP. Thames filed notice of appeal on 15 February 1978; however, she did not file a petition for permission to appeal an interlocutory order as required by Rule 5, ARAP.
Subsequently, Thames moved that the order of dismissal be made a final judgment *Page 1217 
as permitted by Rule 54 (b). This motion was granted and a final judgment entered on 15 March 1978. On 12 April 1978 we dismissed Thames' appeal because the order of 1 December 1977 was not a final judgment. Thames now appeals from the 54 (b) final judgment of 15 March 1978.
We hold the circuit court was without jurisdiction when it entered the final judgment and will dismiss this appeal.
Filing of the first notice of appeal on 15 February 1978 immediately transferred jurisdiction of the 1 December 1977 order to this court. Consequently, the circuit court was without jurisdiction to amend the 1 December 1977 order and could not make it an appealable judgment under 54 (b) so long as the appeal reposed in this court. See District 65,Distributive, Processing and Office Workers Union of New Yorkand New Jersey, Formerly Local 65 v. McKague, 216 F.2d 153 (3rd Cir. 1954); see also Bush v. United Benefit Fire Insurance Co.,311 F.2d 893 (5th Cir. 1963).
We observe that without permission from this court a nunc pro tunc certification by the circuit court is ineffective under these circumstances. Accordingly, the appeal must be dismissed and the case remanded to the circuit court. The circuit court may re-enter and certify the judgment and upon timely appeal the case may be heard upon the present record and briefs if the parties are of a mind to do so. See 6 Moore's Federal Practice ¶ 54.41[4] (1976 Supp. 1978).
APPEAL DISMISSED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
[1] "* * * When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (emphasis added)
[2] This action was originally against, among others, First National Bank of Boston, of which appellees are officers and employees. The bank had been previously dismissed as a party defendant for lack of jurisdiction and improper venue.12 U.S.C. § 94 restricts venue of actions and proceedings against national banking associations in federal court to the federal district in which such associations are established or located and in state, county or municipal court to the county or city in which such associations are established or located.