This is an appeal from a judgment enjoining the owners of a building lot from violating a restrictive covenant applicable to that lot. The appeal is dismissed ex mero motu.
The original action was initiated by twenty-seven plaintiffs owning real estate in a Scottsboro residential subdivision, the lots in which were subject to restrictive covenants of record in the office of the probate judge of Jackson County. While these were in force the defendants, Walter and Sara Tubbs, purchased one of the lots by a deed which was specifically subject to those covenants. One of the covenants prohibited buildings or structures from being located within 40 feet of any street right-of-way line. The plaintiffs brought this action alleging that the defendants had knowingly commenced the construction of a house on their lot in violation of this minimum building line.
In their answer the defendants admitted their violation but denied therein the "extent," and also defended, inter alia, on the grounds of abandonment, acquiescence and laches. Then by way of counterclaim the defendants alleged that this same building line restriction had been violated by eight of the plaintiffs and prayed for injunctive relief against those parties.
Without attempting to describe the evidence, in view of the decision we are compelled to reach, it will suffice to state that the trial court enjoined the location of the defendants' structure within the minimum building line. However, the trial court did not adjudicate the alleged violations of this restriction by other owners, although it did consider them in relation to the violation of the defendants for any effect their violation might have had upon the character of the neighborhood. Thus we have before us a multiple party action *Page 1120 
and multiple claims for relief (by way of counterclaim). Under Rule 54 (b), ARCP, in such a case any decision adjudicating
 fewer than all of the claims or . . . liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
This means that the order is not a final order which will support an appeal. The rule does provide an exception:
 [T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express
direction for the entry of judgment. . . . (emphasis added)
Unfortunately, and as the defendants concede in brief that exception was not complied with in this case. When it is determined that an order appealed from is not a final judgment it is our duty to dismiss the appeal ex mero motu. Chambers v.Chambers, 356 So.2d 634 (Ala. 1978); Simpson v. First AlabamaBank of Montgomery, 345 So.2d 292 (Ala. 1977); Powell v.Republic Nat. Life Ins. Co., 293 Ala. 101, 300 So.2d 359
(1974).
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.