This is a personal injury case arising from the alleged wrongdoing of nine fictitious and named defendants. Two of the original defendants were dismissed early on, and this appeal does not concern them. One defendant, sued under the name "Buris Erie Crane Company, Inc.," was never served. The original and amended complaint was signed and filed by out-of-state attorneys who had not obtained pro hac vice admission or obtained licenses in Alabama. Defendant Greer and Sons, Inc. made a motion to dismiss the complaint on the ground that the improperly signed complaints failed to invoke the jurisdiction of the court. The trial court dismissed the complaint as against Greer and Sons on October 23, 1981, stating as its ground the fact that plaintiff's counsel were not licensed to practice law in Alabama. Defendant Lincoln Electric's similar motion to dismiss was granted on October 28, 1981. Defendants Pettibone Crane and Marine and Industrial Supply were dismissed on November 20, 1981, after making similar motions.
On December 4, 1981, plaintiff, Sadie Foster, filed a notice of appeal as to the dismissal of Greer and Sons and Lincoln Electric. Subsequently, the trial court dismissed the remaining served defendants, Alabama Power Co., Inc. and International Paint Co., Inc. Plaintiff appealed from the dismissal of Pettibone Crane and Marine and Industrial Supply on January 4, 1982; *Page 607 
and appealed from the dismissal of Alabama Power and International Paint on March 19, 1982. The trial court entered Rule 54 (b), A.R.Civ.P., orders as to Lincoln Electric, Greer and Sons, Pettibone Crane, and Marine and Industrial Supply after appeals were taken from the dismissal orders.
All those appeals were dismissed by this Court on the ground that there was no final judgment or proper order under Rule 54 (b), A.R.Civ.P., except that the order dismissing the appeal as to Alabama Power was granted because it was not taken within the time required under the rules. The orders by the trial court dismissing the complaint were essentially identical, and only the appeal regarding Alabama Power was in fact filed after the 42 days allowed for appeal had apparently run. After this Court dismissed the last of those appeals on December 13, 1982, the trial court, on motion of the plaintiff, dismissed "Buris Erie Crane Company" on January 31, 1983, and plaintiff filed these present appeals on that same day.
Once again we fail to reach the merits of these appeals.[1] An understanding of the reasons for our dismissal of the earlier appeals is useful in understanding our decision in dismissing these present appeals.
The plaintiff first appealed from the dismissals by the trial court of Greer and Sons and Lincoln Electric on December 4, 1981. At that time Alabama Power, International Paint, and "Buris Erie Crane" were still defendants in the trial court. An order in an action involving multiple parties or claims that fails to adjudicate the rights or liabilities of all the parties is ordinarily not a final order and therefore will not support an appeal.[2] A.R.Civ.P., Rule 54 (b); Tubbs v. Brandon,366 So.2d 1119 (Ala. 1979). The orders dismissing Greer and Sons and Lincoln Electric were interlocutory, since they did not adjudicate the rights or liabilities of all the parties, and, therefore, they were not appealable.
Rule 54 (b), however, allows the trial court, in its discretion, to enter a final judgment "as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." A.R.Civ.P., Rule 54 (b). In this case there was no such 54 (b) order entered at the time the appeal was taken. The 54 (b) orders entered after the appeal was taken were nullities, since the trial court was without power at that time to enter them.Thames v. Gunter-Dunn, Inc., 365 So.2d 1216 (Ala. 1979). The appeal regarding Greer and Sons and Lincoln Electric was, therefore, properly dismissed.
The appeal as to Pettibone Crane and Marine and Industrial Supply was also dismissed for lack of a final judgment, there being, again, no proper 54 (b) order. At the time the appeal was filed as to these defendants, the trial court had not yet dealt with International Paint or "Buris Erie Crane"; therefore, the orders of dismissal were not final judgments.Tubbs, supra. Again the trial court's attempt to create finality with a 54 (b) order was ineffectual, *Page 608 
since the trial court was without power to enter it after the appeal had been taken. Thames, supra.
Plaintiff next appealed from the trial court's dismissal of Alabama Power and International Paint. The appeal, insofar as it regarded Alabama Power, was dismissed by this Court because it was not filed within 42 days of the dismissal order. The appeal, insofar as it regarded International Paint, was dismissed for lack of a final judgment. Although the appeal was properly dismissed as to both defendants, our reason for dismissing it as to Alabama Power was not correct.
There was no valid trial court order dismissing Alabama Power and International Paint on the ground that the complaint failed to invoke the court's jurisdiction. This is true because the trial court was without jurisdiction to enter such an order. The trial court first acted on the Greer and Sons motion to dismiss, which only alleged that the complaint signed by unlicensed attorneys failed to invoke the jurisdiction of the court. After hearing oral argument only on that motion, the trial court dismissed the complaint as to Greer and Sons on the ground that plaintiff's counsel were not licensed to practice law in Alabama. The trial court next granted Lincoln Electric's motion to dismiss, which raised only the same ground. All other served defendants were dismissed after making similar motions, or after amending existing motions to include the ground alleged by Greer and Sons. None of the trial court dismissal orders entered after the order dismissing Greer and Sons stated the grounds for dismissal, but we conclude — given the sequence of events in the trial court — that the subsequent orders were granted on the same ground.[3]
Plaintiff's appeal from the dismissal of Greer and Sons and Lincoln Electric came after the trial court had also dismissed Pettibone Crane and Marine and Industrial Supply, but before any action was taken as to Alabama Power or International Paint. The issue on that first appeal, as stated by the appellant in her brief on that first appeal, was "whether the complaint filed and signed in the trial court on behalf of the Alabama plaintiff-appellant constituted a valid appearance so as to invoke the jurisdiction of the trial court." The rule has been stated many times that when an appeal is taken the trial court may proceed only in matters entirely collateral to that part of the case which has been taken up by the appeal, but can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court. Reeves v. State, 419 So.2d 217 (Ala. 1982);Osborn v. Riley, 331 So.2d 268 (Ala. 1976); Barran v. Roden,263 Ala. 305, 82 So.2d 398 (1955). This is an application of the general rule that jurisdiction of a case can be in only one court at a time. Walker v. Alabama Public Service Comm'n,292 Ala. 548, 297 So.2d 370 (1974).
The issue on the first of plaintiff's prior appeals was whether the improperly signed complaint invoked the trial court's jurisdiction. Even though we later dismissed that appeal for lack of a final judgment and therefore for lack of jurisdiction in this Court, until that determination was made, this court and the trial court were bound by the presumption that this Court did have jurisdiction. Thames v. Gunter-Dunn,Inc., 365 So.2d 1216 (Ala. 1979). *Page 609 
The action taken by the trial court after the first appeal did involve different defendants, but the issue was the same, and for purposes of the present problem, the identity of the defendants was immaterial. The dismissal order was entered strictly as a result of the allegedly improper conduct by the plaintiff's attorneys. If the complaint failed to invoke the jurisdiction of the trial court as to any defendant, then it failed to invoke the jurisdiction of the trial court as to all defendants. That jurisdiction question was before this Court when the trial court attempted to act by dismissing the last two served defendants on that ground. We conclude that the trial court was without jurisdiction to enter any orders dismissing the remaining defendants on the ground that because the plaintiff's counsel was not authorized to practice law in Alabama the complaint failed to invoke the jurisdiction of the trial court. Therefore, the trial court orders dismissing Alabama Power and International Paint on that ground were nullities. Cf. Thames, supra; Gibson v. Edwards, 245 Ala. 334,16 So.2d 865 (1944).
The appeal, as it regarded International Paint, was, therefore, properly dismissed for lack of a final judgment (actually, there existed not even a valid interlocutory order of dismissal), and the appeal as it regarded Alabama Power should have been dismissed for the same reason. The time for filing an appeal, as set out in Rule 4 (a), A.R.A.P., cannot begin to run until there is a final judgment. The procedural complexity of this case, the result in no small part of the attempt to prematurely appeal in a piecemeal fashion the jurisdictional question, led to our assignment of the wrong reason for the dismissal. Only when we had the entire record of the proceedings in the trial court with respect to all defendants was it possible to discern the true posture of the case.
These present appeals are, therefore, due to be dismissed for want of a final judgment. At the time these present appeals were taken, the trial court had jurisdiction to enter orders dismissing all of the defendants. The orders dismissing Greer and Sons, Lincoln Electric, Pettibone Crane, Marine and Industrial Supply, and "Buris Erie Crane" may be taken as procedurally valid; but there has not yet been a procedurally valid order dismissing Alabama Power or International Paint. The trial court's orders dismissing Alabama Power and International Paint on the unauthorized practice of law ground were nullities at the time they were entered and are of no effect at this time. Upon remand, trial court can create finality as to all defendants by dismissing Alabama Power and International Paint: or, by entering proper 54 (b) orders with respect to the previously dismissed defendants, it can create finality as to those defendants. Alternatively, the trial court can vacate the prior dismissals and proceed to trial.
The adoption of our rules of civil procedure, which provide for the liberal joinder of claims and parties, created the need for a vehicle to allow an appeal from an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality. Cates v. Bush,293 Ala. 535, 307 So.2d 6 (1975). Rule 54 (b) is that vehicle. It allows the court to enter a final judgment immediately if, under the circumstances, to wait until the entire case is decided would create injustice. Its non-use or improper use can lead to the kind of problems encountered in this case and can create, rather than eliminate, unnecessary delay.
In light of the purpose behind Rule 54 (b), we take this opportunity to announce a new procedure in this Court. When it appears from the record that the appeal was taken from an order which was not final, but which could have been made final by a Rule 54 (b) certification, we will remand the case to the trial court for a determination as to whether it chooses to certify the order as final, pursuant to Rule 54 (b), and, if it so chooses, to enter such an order and to supplement the record to reflect that certification. The judgment will be taken as final as of the date the 54 (b) certification is entered. This should not be *Page 610 
viewed as an attempt to promote the improper use of Rule 54 (b), but only as a means of advancing the policy behind Rule 54 (b) in a proper case. Rule 54 (b) certifications should be granted only in exceptional cases and "should not be entered routinely or as a courtesy or accommodation to counsel." Pagev. Preisser, 585 F.2d 336, 339 (8th Cir. 1978).
This approach does not conflict with the rule stated inThames v. Gunter-Dunn, Inc., 365 So.2d 1216 (Ala. 1979). It is still true that the trial court is without jurisdiction to enter a Rule 54 (b) certification after an appeal is taken. However, if this Court remands the case to the trial court for the opportunity of making such a certification, the trial court will have the limited jurisdiction to enter a 54 (b) certification if, in its discretion, it decides the entry of such a certification is appropriate.[4] Adoption of this procedure will advance the policy considerations underlying Rule 54 (b) by speeding up the process of reaching the merits in a proper case. It eliminates the inconvenience and cost of dismissing the appeal and then taking a new appeal after obtaining the Rule 54 (b) certification.
The dissenting opinion expresses a desire to reach the merits. We also regret not being able to reach the merits. Overruling Thames, supra, however, would not allow us to reach the merits in this case. Assuming that the Rule 54 (b) orders did validly create final judgments, we would fail to reach the merits because these present appeals would not have been timely filed. The time for filing notice of appeal began to run at the latest on December 13, 1982, when this Court dismissed the last of the premature appeals. Notice of appeal filed on January 31, 1983, would not have been timely and these appeals would be dismissed.
The concern of the dissenting Justices that a party could oust the circuit court of jurisdiction at any time by filing notice of appeal from an interlocutory order is well taken, but it is not unique to a multiple-party or multiple-claim situation. The problem exists in even the most simple single-party, single-issue litigation if a party decides to attempt an appeal from an interlocutory order. The Code of Professional Responsibility and Rule 38, A.R.A.P., should act as deterrents to the attorney who attempts to gain an unwarranted delay or continuance by manipulating this procedure. Under our holding in the instant case, the trial court only loses jurisdiction over the issues involved in the appeal.
The dissent would allow the trial court to create finality after an appeal is taken. Such a holding would only create more confusion. An appellate court should be able to determine fromthe record if an order is final. Otherwise, it might dismiss an appeal as premature, when in fact the trial court had taken the steps necessary to create finality.
These appeals are due to be, and they hereby are, dismissed.
APPEALS DISMISSED.
MADDOX, FAULKNER, EMBRY and ADAMS, JJ., concur.
ALMON, J., concurs in the result.
JONES, SHORES and BEATTY, JJ., dissent.
[1] We are extremely reluctant to dismiss these appeals again. Our failure to reach the merits will continue the delay experienced by the plaintiff in her quest for compensation for her serious injuries. The delay is the result of the alleged wrongdoing of her attorneys. Failure to obtain a license or obtain pro hac vice admission may be a possible criminal violation, but such violation should not serve to punish the plaintiff by dismissal. Cf. Owens v. Bank of Brewton,53 Ala. App. 529, 302 So.2d 114 (1974).
[2] The adoption of an amendment to Rule 54 (b), A.R.Civ.P. effective March 1, 1982, changed the significance of having an unserved defendant in multiparty litigation, where all served defendants have been dismissed. Prior to that amendment of Rule 54 (b), the existence of the unserved defendant prevented the dismissals of the served defendants from being a final appealable judgment. See Ford Motor Credit Co. v. Carmichael,383 So.2d 539 (Ala. 1980). The March 1, 1982, amendment to Rule 54 (b), in conjunction with an amendment to Rule 4 (f), A.R.Civ.P., effective the same date, changes the prior effect of Rule 54 (b), so that no longer does the existence of an unserved (and undismissed) defendant forestall the finality that would otherwise attach upon the disposition of all served defendants.
[3] There was an order entered March 10, 1982, stating that the trial court in entering the order granting defendant Alabama Power Company's amended motion to dismiss on December 21, 1981, relied not only on the ground set forth in the amendment but also on the grounds in the original motion. Even if the court did rely on other grounds in dismissing Alabama Power, it does not affect the outcome of this case, since there would still not be a valid dismissal of International Paint, which had raised only the unauthorized practice of law ground. Therefore, the orders of dismissal as to the other defendants were not final and appealable in the absence of a proper 54 (b) order. Further, we question the validity of this order, because it was entered without giving plaintiff an opportunity to argue the merits of the other grounds specified in Alabama Power's motion to dismiss, thereby depriving plaintiff of her right to procedural due process. Taylor v. Taylor, 292 Ala. 569,298 So.2d 8 (1974).
[4] We see no legal barrier to such an approach. In Morris v. UHL Lopez Engineers, Inc., 442 F.2d 1247 (10th Cir. 1971), the court of appeals entered an order allowing the trial court to enter a 54 (b) order. In Cold Metal Process Co. v. United Co.,351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956), the Supreme Court, in reaching its decision that the certification in that case was not an abuse of the trial court's discretion, noted, without comment, that the court of appeals had permitted the District Court to enter a Rule 54 (b) certification after the appeal was taken.