I dissent.
Rule 1 of the Alabama Rules of Civil Procedure states in mandatory terms that this Court is to construe the rules to secure the just, speedy, and inexpensive determination of every action. It has been observed that it is impossible to overstate the *Page 611 
significance of this part of Rule 1. "There probably is no provision in the federal rules that is more important than this mandate." 1 C. Lyons, Alabama Practice § 1.6 (1973), quoting 4 Wright Miller, Federal Practice and Procedure, Civil, § 1029 (1969). The Alabama rule is identical to the federal rule in this regard and so is Rule 1, A.R.A.P., and the Committee Comments to that rule correctly state the philosophy of both the Rules of Civil Procedure and the Rules of Appellate Procedure:
 "As is the case with the ARCP, it is the policy of these rules to disregard technicality and form in order that a just, speedy and inexpensive determination of every appellate proceeding on its merits may be obtained."
If this policy has not been disregarded in this case, I cannot imagine a more extreme one.
This case has been in process now for more than three full years, and this plaintiff has yet to get a determination of whether she is in court or not in court.
I would reach the merits of this case and decide whether the trial court erred in dismissing each defendant on the ground that the filing of the complaint by lawyers not licensed in Alabama failed to invoke the jurisdiction of the court. In addition, I would overrule Thames v. Gunter-Dunn, Inc.,365 So.2d 1216 (Ala. 1979). If the appeal to this Court by one of the defendants was due to be dismissed because the judgment appealed from lacked finality and, thus, would not support an appeal, leaving this Court without jurisdiction to entertain the appeal, then the trial court had jurisdiction to enter the Rule 54 (b) order. Where was jurisdiction? If not here, because the judgment appealed from lacked finality, then it had to be in the circuit court, thus enabling the trial judge to enter a valid 54 (b) order. I cannot accept the majority's holding that the trial court was without jurisdiction to enter a 54 (b) order simply because a premature notice of appeal had been filed. If that is true, a party could oust the circuit court of jurisdiction at any time by filing a notice of appeal from any interlocutory order and, if that conferred jurisdiction here until we dismissed the appeal, and we took as long as we did in this case to rule on the motion to dismiss, a full year, substantial justice would not be served but thwarted.
I would hold that once the trial court entered 54 (b), A.R.Civ.P., orders, the appeal here was proper and allowed us to reach the merits. In other words, where as here, an appeal is already pending at the time the 54 (b) order is entered, that appeal is validated as then being an appeal from a final judgment. In effect, this is what the majority opinion suggests as the appropriate procedure for questionable 54 (b) dismissals in future cases. Why not make that procedure applicable to the instant case?
To suggest that prior appeals in this case which were prematurely dismissed cannot be reinstated because of some imaginary, out-of-term problem is to suggest that this Court is without authority to correct its own error. I would reinstate each of the improperly dismissed appeals and decide all of the appeals on their respective merits.
JONES and BEATTY, JJ., concur.