TORBERT, Chief Justice
(dissenting).
I agree with Justice Beatty that this Court is without jurisdiction to grant the petition for certiorari in this case. I write specially to point out a procedural problem inherent in the result of the majority opinion.
This case involves two petitions: one for writ of certiorari and the other for writ of mandamus. Coughlin alleged that the Court of Civil Appeals substantially modified its opinion after he had filed an application for rehearing. He filed a second application for rehearing under A.R.A.P. Rule 40. The Court of Civil Appeals took no action on the second application, and Coughlin filed a petition for writ of mandamus to compel the Court of Civil Appeals to rule on the second application. Coughlin has also requested this Court to decide the merits of his case in his separate petition for writ of certiorari.
The majority finds that the original opinion of the Court of Civil Appeals was substantially changed. Having made this determination, the majority should remand the case to the Court of Civil Appeals, ordering that court to consider the pending second application for rehearing. This Court should not consider the merits until the second application is acted upon by that court. One is not entitled under our rules to file a petition for certiorari in this Court while he has a pending application for rehearing in the Court of Civil Appeals. Because the majority holding effectively con *23 dones circumvention of the rehearing procedure and improperly places simultaneous jurisdiction over a case in two courts, cf. Foster v. Greer and Sons, Inc., 446 So.2d 605, 610 (Ala.1984), I must dissent.