This is an action for breach of contract by a mortgagee against a title insurance company. Goldome Credit Corporation is the assignee of a mortgage on a certain acre of land. Stewart Title Guaranty Company issued a policy of title insurance to Goldome's predecessor corporation, Colonial Financial Services, Inc., when Colonial took an assignment of the mortgage. The acre of land is subject to a prior mortgage, not disclosed in the title policy, on a larger parcel which includes this acre. The trial court granted summary judgment for Goldome on the grounds that this and other clouds on the title constitute a breach of the policy and render the title unmarketable. The court awarded Goldome damages of $48,335, the face amount of the policy. *Page 11 
Stewart's primary arguments are that Goldome has suffered no damages because there has been no challenge to the priority of its mortgage and that Stewart should have been allowed to cure the defects.
The notice of appeal lists Kimbrell Land Title Company as an appellant. Kimbrell acted as Stewart's agent in issuing the title policy. Goldome named Kimbrell as a defendant as to certain counts of its complaint.
By a deed dated December 11, 1982, F.J. Pruitt and Margaret O. Pruitt conveyed the subject parcel of land to Ted R. Fike and Margaret Janice Fike. By instrument dated December 4, 1982, the Fikes executed a purchase-money mortgage on this one-acre parcel to Sun Homes, Inc., in the principal amount of $48,335.00. The deed and mortgage were recorded on December 28, 1982. Sun Homes assigned the mortgage to Colonial on January 5, 1983. The effective date of the title insurance policy at issue is December 28, 1982.
On May 5, 1981, the Pruitts had mortgaged a 20-acre parcel, surrounding and including the parcel at issue, to the Farmers Home Administration (FmHA) to secure debts totalling $79,210.00. Stewart offered evidence that, prior to the closing of the sale to the Fikes, Sheila D. Jones, the president of Kimbrell, negotiated with Steven Robinette of the FmHA about releasing the one-acre parcel from the FmHA mortgage. Allegedly, the Pruitts agreed to pay $600 to have the one acre released from the mortgage and the FmHA agreed to do this. Mrs. Pruitt, in deposition, denied that she knew of any such discussion, although she admitted that she and her husband signed an application for such a release. She also stated that she executed what purported to be her husband's signature on the deed.
After August 1983, the Fikes made no further payments on the mortgage. In October they moved out of the house they had built on the property. On December 22, 1983, Goldome wrote a letter to Stewart stating that its investigation pursuant to collection efforts and possible foreclosure on the mortgage revealed the prior FmHA mortgage and a defect in the property description contained in the mortgage and the title policy. Goldome's letter gave Stewart the option of paying the face amount of the policy or buying the mortgage indebtedness, which it stated to be in excess of the amount of the policy.
On February 3, 1984, Goldome filed this complaint against Stewart and Kimbrell, alleging that it had discovered on December 7, 1983, the existence of the FmHA mortgage and the defect in the description in the mortgage and title policy. The complaint included three counts: misrepresentation, breach of contract, and declaratory judgment.
The trial court granted summary judgment for Goldome on the breach of contract count. The trial court made the following findings and holdings in ruling on Stewart's second "motion for reconsideration":
 "Count Two of the complaint herein, as to which summary judgment was rendered in favor of the Plaintiff by this Court on May 17, 1984, reconsideration thereof denied by this Court on July 3, 1984, and reconsideration thereof again now denied by this Court is a suit on a mortgage title insurance policy. The United States Government holds a prior mortgage on the subject property in excess of the value thereof. In addition, the property description is defective, at best a call being missing. Additional submission to the Court now indicates that the deed to Plaintiff's mortgagors was a forgery. The evidence before the Court indicates the value of the subject property intended to be mortgaged was in excess of the title policy herein, which would be the value of the mortgage were the title good. The evidence before the Court indicates that at present the mortgage is worthless. Plaintiff gave Defendants notice of its claim hereunder on December 22, 1983, which notice was timely received by the Defendants. This action was filed on February 3, 1984. *Page 12 
Plaintiff contends that it is entitled to proceed on its policy of title insurance.
 "The defendants filed a separate action in this court against Plaintiff's mortgagors and their predecessor on April 26, 1984, seeking to correct some of the title defects. Defendants have negotiated with the United States Government seeking a release of the lien of the United States Government on the subject property. Defendants insist that under the contract of title insurance that the action of the Plaintiff is premature until the Defendants have exhausted their efforts to correct this title. Defendants also insist that the bringing of this action by the Plaintiff and seeking summary judgment herein is a breach of the duty of the Plaintiff to cooperate with the Defendants under the terms of the subject title insurance policy. The Court is of the opinion that Stewart Title Guaranty Company has had reasonable and adequate time to cure the defects in the subject title, that the Plaintiff was justified in bringing this proceeding, and is entitled to recover judgment against Stewart Title Guaranty Company on its policy of title insurance."
The court expressly entered a final judgment on the contract count. Rule 54 (b), A.R.Civ.P.
It will be noted that the court granted summary judgment only against Stewart. Goldome did not name Kimbrell as a defendant in the contract count. As there is no final judgment against Kimbrell, its appeal is due to be dismissed. Foster v. Greer Sons, Inc., 446 So.2d 605 (Ala. 1984).
Stewart argues that summary judgment should not have been granted against it because there were jury questions as to whether (1) it had acted within a reasonable time after receiving notice of the defects in title to cure the defects; (2) Goldome interfered with Stewart's attempts to cure the defects, in violation of the policy requirement that Goldome cooperate with Stewart in attempting to cure the defects; and (3) Goldome has suffered any loss or damage, because it has not attempted to foreclose and the priority of its mortgage has not been challenged.
The crucial fact that undercuts all of these arguments is the fact that Stewart's agents knew of the FmHA mortgage at the time Stewart issued the policy, but did not ascertain that the promised release took place. Sheila Jones, the president of Kimbrell, negotiated with the Pruitts and the FmHA for a release. The FmHA agreed to release the subject acre from the mortgage upon the Pruitts' signing a request for such a release and paying $600.
Stewart now states that this release was not executed because the $600 was not paid to the FmHA before Mr. Pruitt died. This lapse only shows that Stewart's agents did not follow through with their efforts to disencumber the title. The time for Stewart to cure this defect began to run at the time it began making efforts to do so, not when Goldome discovered the defect after the mortgage was in default. Stewart argues that it made timely attempts to cure the defect when it began efforts to secure the release after Goldome notified it of the mortgage in December 1983 and when it filed suit against Mrs. Pruitt and the Fikes after Goldome filed suit against it and Kimbrell. The trial court found that this was too little, because the FmHA was not made a defendant, and too late, coming so long after Stewart first knew of the encumbrance and attempted to clear it. The trial court did not err in holding, as a matter of law, that Stewart had had reasonable and adequate time to cure the defects.
Nor does the argument that Goldome has suffered no loss present any reversible error. Goldome purchased a mortgage, not the privilege of becoming involved in a series of lawsuits to correct Stewart's oversights while Goldome's mortgage continued in default. Stewart has subrogation rights under the title policy; let Stewart resolve the problems in the mortgage without entangling the assets of those whom it insures against just such problems.
Childs v. Mississippi Valley Title Insurance Co.,359 So.2d 1146 (Ala. 1978), is distinguishable. *Page 13 
In that case, the insurer had not known of the alleged defect at the time it issued the policy and this Court held that the policy gave the insurer the right, but not the duty, to make an effort to clear the title. In this case, Stewart, through its authorized agent, knew of the prior mortgage before it issued the policy and took steps to clear the defect. By not disclosing the prior lien to Goldome or effectively clearing it, Stewart breached its contract to insure against loss from such prior liens. We note also that Childs was a suit in tort, not in contract.
Stewart also cites Miller v. Commercial Standard Ins. Co.,248 So.2d 675 (Fla.Dist.Ct.App. 1971). The court held in that case that a mortgagee must sue to enforce or reform the mortgage and have its title disputed before it suffers a loss under a title policy. This Court might apply that principle in an appropriate case. To so hold in these circumstances, however, would allow title insurers to conceal defects in title on the calculation that the title might never be challenged and thereby cause unnecessary hardship to their insureds when a challenge does arise.
For the foregoing reasons, the judgment of the trial court as to Stewart is due to be, and it is hereby, affirmed.
DISMISSED AS TO KIMBRELL LAND TITLE COMPANY; AFFIRMED AS TO STEWART TITLE AND GUARANTY COMPANY.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., dissents.