Rel: April 7, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

_____

### SC-2022-0986

_____

## Desiree D. Million

### v.

## Albert L. Shumaker

### Appeal from DeKalb Circuit Court
### (CV-22-900035)


MENDHEIM, Justice.

Desiree D. Million owns property in Mentone that borders property

owned by Steve Carpenter and Colleen Duffley.  A boundary-line dispute

arose between Million and Carpenter and Duffley. Million, acting pro se, ultimately commenced an action in the DeKalb Circuit Court against Carpenter, Duffley, and several other defendants who were involved in the dispute between Million and Carpenter and Duffley. Among others, Million named Albert L. Shumaker as a defendant; Shumaker, an attorney, had been retained by Carpenter and Duffley in relation to the boundary-line dispute and had sent, on behalf of Carpenter and Duffley, a cease-and-desist letter to Million. Upon Shumaker's motion, the circuit court entered an interlocutory order dismissing Shumaker from the action. Million, again acting pro se, appealed the circuit court's interlocutory order. We dismiss the appeal.

<u>Facts and Procedural History</u>

According to Million's complaint, Carpenter and Duffley own property adjacent to Million's property and operate on their property a hotel, Andiamo Lodge, which is owned by Andiamo Lodge, LLC.[1] Carpenter and Duffley hired Johnny Croft, a licensed professional land surveyor with Croft Land Surveying, Inc., to conduct a survey of their

---

[1]Carpenter and Duffley are the only members of Andiamo Lodge, LLC.

2

property and to determine the boundary lines of their property. Croft conducted the survey on April 14, 2021. According to Million, Croft's survey did not properly identify the boundary line between Million's property and Carpenter and Duffley's property. Million asserts that the relevant boundary line depicted in Croft's survey indicates that a portion of Million's property is actually owned by Carpenter and Duffley. Specifically, the boundary-line dispute centers on the width of a portion of Million's property that she uses as a driveway: Million asserts that the entirety of the length of her driveway is 50 feet wide; Croft's survey indicates that the driveway is 40 feet wide at one end and widens to 50 feet wide at the opposite end.

At some point thereafter, Carpenter and Duffley constructed a shed on the boundary line between Million's property and Carpenter and Duffley's property depicted in Croft's survey. Million asserts that the shed constructed by Carpenter and Duffley sits partially on her property. In January 2022, Million hired William Short, a licensed professional land surveyor, to conduct a survey of her property and to determine the boundary lines of her property. Short's survey depicted a different boundary line between Million's property and Carpenter and Duffley's

property than did Croft's survey. According to the survey conducted by Short, the entirety of the length of Million's driveway is 50 feet wide. As a result, according to Short's survey, the shed constructed by Carpenter and Duffley sits partially on Million's property. Million asserts that she notified Carpenter and Duffley of Short's survey and of the discrepancy between it and Croft's survey.

Subsequently, Carpenter and Duffley retained Shumaker as their attorney. On January 19, 2022, Shumaker, on behalf of Carpenter and Duffley, sent Million the following letter:

> "I have been requested by Steve Carpenter and Colleen Duffley to contact you regarding the recent claims you have made against the ownership and possession of their property located on County Road 106, Mentone, Alabama. Mr. Carpenter and Ms. Duffley have engaged the services of Johnny Croft, a surveyor in Fort Payne, who has surveyed their property and placed pins at the corners of same. The lines as established by Mr. Croft clearly show that your claims as to ownership of their property is contrary to the survey. This is to request that you cease and desist in your claims to the Carpenter/Duffley property and your failure to do so will result in legal action."

Carpenter and Duffley did not, however, pursue legal action against Million. According to Million's complaint, Short and Croft discussed the discrepancy between their surveys, and Croft agreed that he had made a mistake. On February 16, 2022, Croft revised his survey to indicate,

4

consistent with Short's survey, that the entirety of the length of Million's driveway is 50 feet wide.  On February 25, 2022, Carpenter and Duffley sent Million an email, which states, in pertinent part, that Short's survey

"was correct. [Croft's] survey[ was] … wrong. If we had known [Croft's survey] was wrong the … shed would never have been placed where it was.

"From our perspective we have three options[:]

"1.) Trade you ten feet of property on north side of your drive[way] for the 10 feet on the south side of the property. Simple and effective, actually gives you more trees.

"2.) Move our shed to just inside property lines, and put up a privacy fence. Costs us, but again, effective.

"3.) Buy your property for $250,000."

Million's complaint states that Million did not respond to Carpenter and Duffley's email.

On March 7, 2022, Million commenced an action against Carpenter, Duffley, Andiamo Lodge, LLC, Shumaker, Croft, and Croft Land Surveying.  The claims that Million is asserting against the defendants are not entirely clear.  Million's complaint states, in pertinent part:

"Title 42 Section 1983 Complaint

"4th USC Amendment Deprivation

"Steve Carpenter, Unlawful Detainer of Real Property

"Colleen Duffley, and DOES[2] Plaintiff Requests an Order for 1 through 50 Inclusive, Defendants to Vacate, And Request for Compensatory Damages, and payment from Defendants.

"Defendants:

"Steve Carpenter -- Unlawful Detainer of Real Property, Land Encroachment, Cease and Desist letter from his attorney, Trying to steal my land, mental and physical stress and duress, Color of authority

"Colleen Duffley -- Unlawful Detainer of Real Property, Land Encroachment, Cease and Desist letter from her attorney, Trying to steal my land, mental and physical stress and duress, Color of authority

"John Croft -- Unlawful Detainer of Real Property per his licensed land survey, Color of Authority

"Andiamo Lodge -- Unlawful Detainer of Real Property, Land Encroachment, Color of Authority

"Albert L. Shumaker -- Unlawful Detainer of Real Property without Due Process, Violation of Constitutional Rights and Privileges denied to me without due process 1st, 4th, and 8th and or 14th Amendment via Cease and Desist Letter, Color of Authority

"and DOES Plaintiff Requests an Order for 1 through 50 inclusive

"....

---

[2]Although Million's complaint is not abundantly clear, it appears that her use of the term "DOES" or "DOE" is her attempt to sue fictitiously named defendants.

6

" To: The Court and all Parties of interest, The Plaintiff Desiree D. Million, hereby sues the above captioned defendants, Steve Carpenter, Colleen Duffley, Andiamo Lodge, John Croft, Albert L. Shumaker, and an Order for 1 through 50 inclusive for property deprivation, and conspiracy to deprive personal and real property from the plaintiff Desiree D. Million who therefore sues for damages, litigation fees, hardship, and mental and physical duress, where she demands redress with punitive damages due to deliberate actions, causing an undue burden and stress who therefore sues for compensatory damages of $950,000.00 and Plaintiff also sues as DOE defendants 1 through 50, the court will be asked to amend the true names of DOE defendants during the course of this civil action In and For this Honorable Court."

On April 6, 2022, Carpenter, Duffley, and Andiamo Lodge, LLC, filed a motion to dismiss the claims asserted against them pursuant to Rule 12(b)(1) and (6), Ala. R. Civ. P. On April 11, 2022, Shumaker filed a motion to dismiss the claims asserted against him pursuant to Rule 12(b)(6). On April 20, 2022, Million filed a response to the pending motions to dismiss.

On April 29, 2022, Million filed a motion for an "independent land survey." Million noted the discrepancies between her deed for her property, Short's survey, and Croft's survey and requested that an "independent land survey … be conducted by the court."

7

On May 9, 2022, Croft filed a motion to dismiss the claims against him.[3] On May 10, 2022, Carpenter, Duffley, and Andiamo Lodge, LLC, filed additional motions to dismiss. On May 16 and 19, 2022, Million filed responses to the various motions to dismiss filed by the defendants.

On July 13, 2022, Million filed a motion for both a preliminary and a permanent injunction against Carpenter and Andiamo Lodge, LLC. Million stated in her motion that she "desires to purchase or build a shed on her deeded land" but that she is unable to do so because the shed built by Carpenter and Duffley is sitting partially on her property where she desires to build her shed. On July 14, 2022, Carpenter and Andiamo Lodge, LLC, filed a motion "to strike [Million's] … motion for preliminary injunction."

On August 22, 2022, following a hearing of which there is no transcript, the circuit court entered several orders. First, the circuit court entered an order granting Shumaker's motion to dismiss, stating that "all claims against … Shumaker are hereby DISMISSED with

---

[3]We note that, on May 9, 2022, an attorney, J. David Dodd, filed a notice of appearance on behalf of Croft and Croft Land Surveying. Dodd, however, filed the May 9, 2022, motion to dismiss on behalf of Croft alone; the motion filed on Croft's behalf does not mention Croft Land Surveying.

prejudice." (Capitalization in original.) Second, the circuit court entered an order stating that "all claims against … Croft Land Surveying … are hereby DISMISSED with prejudice."[4] (Capitalization in original.) Third, the circuit court entered an order denying Million's motion for a preliminary injunction. Finally, the circuit court entered the following order concerning Carpenter, Duffley, and Andiamo Lodge, LLC:

> "This cause came for hearing on August 15, 2022, on … Steve Carpenter, Colleen Duffley, and Andiamo Lodge[, LLC]'s motion to dismiss. After consideration of the testimony and evidence presented at the hearing, it is ORDERED, ADJUDGED and DECREED as follows:
>
> "1. The court finds that Andiamo Lodge[, LLC,] owns no real property made subject to this suit. As such, … Andiamo Lodge[, LLC]'s motion is due to be granted. All claims against Andiamo Lodge[, LLC,] are hereby DISMISSED.
>
> "2. All claims against … Steve Carpenter and Colleen Duffley regarding any assertion under Title 42 [of the United States Code] are hereby DISMISSED.
>
> "3. For any remaining claims against … Steve Carpenter and/or Colleen Duffley regarding the alleged land line dispute, [Million] shall amend her complaint within thirty (30) days to provide a more clear and concise statement of her allegations.

---

[4]As noted above, Croft Land Surveying did not file a motion to dismiss, only Croft did. See note 3, supra. The circuit court has not entered an order concerning the claims against Croft, who did file a motion to dismiss. It appears that Million's claims against Croft are still pending in the circuit court.

9

"4. Further, each party shall submit to the court within thirty (30) days the names of two (2) land surveyors that they would cho[o]se to nominate to the court to appoint for an independent survey of the disputed property. The court will select a surveyor from that list. The cost of said survey will be split equally among the parties."

(Capitalization in original.)

On August 23, 2022, Shumaker filed a motion requesting that the circuit court certify as final, pursuant to Rule 54(b), Ala. R. Civ. P., its order dismissing, with prejudice, all the claims against him. On August 29, 2022, before the circuit court ruled on Shumaker's Rule 54(b) motion, Million filed a notice of appeal to the Court of Civil Appeals; Million's appeal was later transferred to this Court. On September 11, 2022, after Million had already appealed, the circuit court purported to enter an order certifying as final, pursuant to Rule 54(b), its August 22, 2022, order granting Shumaker's motion to dismiss.

On February 6, 2023, after having issued a show-cause order on December 12, 2022, this Court's Clerk's Office issued an order dismissing Carpenter, Duffley, Andiamo Lodge, LLC, Croft, and Croft Land Surveying from Million's appeal. The Clerk's Office's order states that the circuit court's August 22, 2022, orders concerning those parties were not final judgments and, thus, cannot serve as the basis for an appeal,

which is correct. Accordingly, the only remaining appellee before this Court is Shumaker.

Discussion

As noted above, the circuit court's order dismissing Million's claims against Shumaker was an interlocutory order because it did not adjudicate the rights or liabilities of all the parties. It is well established that "[a]n order in an action involving multiple parties or claims that fails to adjudicate the rights or liabilities of all the parties is ordinarily not a final order and therefore will not support an appeal. … Rule 54(b)[, Ala. R. Civ. P.]; Tubbs v. Brandon, 366 So. 2d 1119 (Ala. 1979)." Foster v. Greer & Sons, Inc., 446 So. 2d 605, 607 (Ala. 1984) (overruled on other grounds by Ex parte Andrews, 520 So. 2d 507 (Ala. 1987)). In the present case, at the time Million commenced her appeal on August 29, 2022, the circuit court had not entered a Rule 54(b) order certifying as final its August 22, 2022, order granting Shumaker's motion to dismiss. After Million commenced her appeal, the circuit court, on September 11, 2022, purported to enter a Rule 54(b) order certifying as final its August 22, 2022, order in favor of Shumaker, but that order was a nullity. See Foster, 446 So. 2d at 607 ("The [Rule] 54(b)[, Ala. R. Civ. P.,] orders

11

entered after the appeal was taken were nullities, since the trial court was without power at that time to enter them. Thames v. Gunter-Dunn, Inc., 365 So. 2d 1216 (Ala. 1979).").  This is so because, "[w]hen an appeal is taken, unless it is from a proper Rule 54(b)[, Ala. R. Civ. P.,] order, the appeal divests the lower court of jurisdiction over the case until the appellate court provides a disposition of the appeal -- even if the appeal is premature, i.e., from a nonfinal judgment."  Erskine v. Guin, [Ms. 1200401, Jan 6. 2023] ___ So. 3d ___, ___ (Ala. 2023).  Consequently, Million's appeal as to the circuit court's August 22, 2022, order in favor of Shumaker is due to be dismissed as having been taken from a nonfinal judgment.

We note that this Court has adopted a procedure by which, rather than dismissing an appeal from a nonfinal judgment, we may remand the case in certain circumstances.  In Foster, this Court stated:

> "In light of the purpose behind Rule 54(b)[, Ala. R. Civ. P.,] we take this opportunity to announce a new procedure in this Court. When it appears from the record that the appeal was taken from an order which was not final, but which could have been made final by a Rule 54(b) certification, we will remand the case to the trial court for a determination as to whether it chooses to certify the order as final, pursuant to Rule 54(b), and, if it so chooses, to enter such an order and to supplement the record to reflect that certification. The judgment will be taken as final as of the date the 54(b)

12

certification is entered. This should not be viewed as an attempt to promote the improper use of Rule 54(b), but only as a means of advancing the policy behind Rule 54(b) in a proper case. Rule 54(b) certifications should be granted only in exceptional cases and 'should not be entered routinely or as a courtesy or accommodation to counsel.' Page v. Preisser, 585 F.2d 336, 339 (8th Cir. 1978).

"This approach does not conflict with the rule stated in Thames v. Gunter-Dunn, Inc., 365 So. 2d 1216 (Ala. 1979). It is still true that the trial court is without jurisdiction to enter a Rule 54(b) certification after an appeal is taken. However, if this Court remands the case to the trial court for the opportunity of making such a certification, the trial court will have the limited jurisdiction to enter a 54(b) certification if, in its discretion, it decides the entry of such a certification is appropriate. Adoption of this procedure will advance the policy considerations underlying Rule 54(b) by speeding up the process of reaching the merits in a proper case. It eliminates the inconvenience and cost of dismissing the appeal and then taking a new appeal after obtaining the Rule 54(b) certification."

446 So. 2d at 609-10 (footnote omitted).

In the present case, however, we are dismissing the appeal filed by Million, rather than remanding the case pursuant to the procedure announced in Foster, because it is not clear at this point in the proceedings whether the circuit court's August 22, 2022, order in favor of Shumaker could be properly certified as final under Rule 54(b).  As noted in Foster, a remand under the procedure announced in Foster imbues the trial court with "the limited jurisdiction to enter a 54(b) certification if,

13

in its discretion, it decides the entry of such a certification is appropriate." 446 So. 2d at 610. In the present case, however, it is not entirely clear exactly what claims Million has asserted against the defendants. In fact, in its August 22, 2022, order concerning Million's claims against Carpenter, Duffley, and Andiamo Lodge, LLC, the circuit court specifically ordered Million to "amend her complaint within thirty (30) days to provide a more clear and concise statement of her allegations." Dismissing the appeal will allow the circuit court to receive Million's amended complaint, which will hopefully allow the circuit court to discern the actual claims Million is asserting. Until there is greater clarity concerning Million's claims, it does not seem prudent at this juncture to remand the case and limit the circuit court's jurisdiction to simply choosing whether to enter a Rule 54(b) certification of the interlocutory order dismissing Million's claims against Shumaker.

A Rule 54(b) certification is not proper if "'"the issues in the claim being certified and a claim that will remain pending in the trial court '"are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results."'"'" Fuller v. Birmingham-Jefferson Cnty. Transit Auth., 147 So. 3d 907, 911 (Ala. 2013) (quoting

Lighting Fair, Inc. v. Rosenberg, 63 So. 3d 1256, 1263 (Ala. 2010)). Although the claims Million has asserted are not entirely clear, it appears from the allegations in her complaint that she has asserted claims making this case more than a simple boundary-line dispute. For instance, Million has asserted, among other things, claims of conspiracy against all the defendants (Million alleged that she is suing the "defendants … for property deprivation, and conspiracy to deprive personal and real property from the plaintiff Desiree D. Million …."). Conspiracy claims against all the defendants, including Shumaker, alleging that they conspired to deprive Million of her property, would be closely intertwined with one another, raising the risk of inconsistent results from separate adjudication. Accordingly, we do not think it wise to remand this case to the circuit court, and to vest that court with the limited jurisdiction to determine whether to enter a Rule 54(b) certification, rather than dismissing the appeal and allowing the circuit court to determine the exact claims Million has asserted and then to determine if a Rule 54(b) certification is appropriate as to any of the orders it entered on August 22, 2022.

## Conclusion

Based on the foregoing, we dismiss Million's appeal as having been taken from a nonfinal judgment.

APPEAL DISMISSED.

Parker, C.J., and Shaw, Bryan, and Mitchell, JJ., concur.