WOODALL, Justice.
 

 Bon Harbor, LLC, and Michael F. Hinds appeal from two orders entered
 
 *1265
 
 against them in an action commenced by United Bank (“the Bank”). We dismiss them appeals.
 

 The underlying dispute arose following a series of transactions by which Bon Harbor received money from the Bank that Bon Harbor used to purchase certain real estate in Baldwin County. During these transactions, Hinds, one of Bon Harbor’s general managers, executed several continuing-guaranty agreements by which he assumed certain responsibilities for Bon Harbor’s indebtedness to the Bank. The details of these transactions and documents are not relevant to our decision.
 

 On April 5, 2007, the Bank sued Bon Harbor and Hinds, as well as three other alleged guarantors of Bon Harbor’s indebtedness to the Bank. The complaint alleged .that Bon Harbor and Hinds had breached a promissory note and a guaranty, respectively. After Bon Harbor and Hinds answered the complaint, the Bank amended the complaint to assert claims seeking relief under multiple theories and to request, among other things, a declaration that the note and guaranty were valid and enforceable.
 

 On July 13, 2007, Bon Harbor and Hinds answered the amended complaint and filed a counterclaim against the Bank and three of its employees — Frank Meigs, Jamie Lipham, and Russell Banks. The counterclaim alleged that the Bank and its employees were guilty of breach of duty, fraud, and fraudulent suppression and demanded damages related to those claims. Further, the counterclaim sought a judgment declaring the Bank’s rights, if any, under the various transactional documents. The Bank and its employees answered the counterclaim, denying any liability.
 

 On January 4, 2008, the Bank filed a motion for a summary judgment. Although its employees were identified as movants, the motion never mentioned the counterclaim or the causes of action alleged in it. Instead, the motion argued only that Bon Harbor and the guarantors, including Hinds, were contractually liable to the Bank as a matter of law. Thus, the motion can only be construed as a motion for a partial summary judgment.
 

 On March 20, 2008, the trial court granted the summary-judgment motion, giving no explanation. On that same day, Bon Harbor and Hinds filed their first notice of appeal to this Court. The appeal was docketed as case no. 1070902.
 

 On March 25, 2008, the trial court purported to enter a second order granting the Bank’s motion for a summary judgment. This order was more detailed than the March 20 order and, among other things, purported to enter a summary judgment for the Bank and its employees on the counterclaim. On April 11, 2008, Bon Harbor and Hinds filed a second notice of appeal to this Court. The appeal was docketed as case no. 1070994.
 

 The parties do not question the subject-matter jurisdiction of this Court. However, we “are not confined to the arguments of the parties in our subject-matter-jurisdiction analysis because subject-matter jurisdiction cannot be waived by the failure to argue it as an issue.”
 
 Riley v. Hughes,
 
 17 So.3d 643, 648 (Ala.2009). It is clear that this Court does not have subject-matter jurisdiction over either appeal filed by Bon Harbor and Hinds.
 

 “The general rule is that a trial court’s order is not final [for purposes of appeal] unless it disposes of all claims as to all parties.”
 
 Dickerson v. Alabama State Univ.,
 
 852 So.2d 704, 705 (Ala.2002).
 

 
 *1266
 
 “The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party.”
 

 Committee Comments on 1973 Adoption of Rule 54(b), Ala. R. Civ. P. Consequently, standing alone, “[a] partial summary judgment is not a final, appealable judgment.”
 
 Baugus v. City of Florence,
 
 968 So.2d 529, 533 (Ala.2007).
 

 As previously discussed in this opinion, the trial court’s bare-bones order of March 20, 2008, granted what can only be construed as a motion for a partial summary judgment. That order left pending, at the very least, Bon Harbor and Hinds’s counterclaim, which was not mentioned, much less challenged, in the Bank’s summary-judgment motion. Consequently, them appeal in case no. 1070902 must be dismissed, because it is not supported by a final, appealable judgment.
 

 While Bon Harbor and Hinds’s appeal from the March 20 order was pending in this Court, the trial court purported to enter another order granting the Bank’s summary-judgment motion, specifically including the counterclaim within the scope of its ruling. However, the trial court was without jurisdiction to enter the order, and, thus, the order is void. “Jurisdiction of a case can be in only one court at a time.”
 
 Reynolds v. Colonial Bank,
 
 874 So.2d 497, 503 (Ala.2003). Consequently, after an appeal is taken, the trial court “can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.”
 
 Foster v. Greer & Sons, Inc.,
 
 446 So.2d 605, 608 (Ala.1984)(overruled by
 
 Ex parte Andrews,
 
 520 So.2d 507 (Ala.1987), to the extent
 
 Foster
 
 held that filing a notice of appeal ousts the trial court of jurisdiction to consider a timely filed post-judgment motion). “Any action taken by a trial court without subject-matter jurisdiction is void.”
 
 Riley,
 
 17 So.3d at 649. Finally, of course, “a void order or judgment will not support an appeal.”
 
 Gallagher Bassett Servs., Inc. v. Phillips,
 
 991 So.2d 697, 701 (Ala.2008). For these reasons, Bon Harbor and Hinds’s appeal in case no. 1070994 must also be dismissed.
 

 1070902 — APPEAL DISMISSED.
 

 1070994 — APPEAL DISMISSED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.