SHAW, Justice.
Kenneth Jakeman, the plaintiff below, appeals from the trial court’s judgment dismissing his claims against the defendants, Alderwoods, Inc. (“Alderwoods”), Lawrence Group Management Company, LLC (“Lawrence”), Montgomery Memorial Cemetery, Inc. (“MMC”), and Judy A. Jones. We dismiss the appeal as being from a nonfinal judgment.

Facts and Procedural History

Because of our disposition of this appeal, only a brief recitation of the facts is necessary.
Lawrence owns and operates Montgomery Memorial Cemetery, a cemetery in Montgomery (“the cemetery”). Lawrence purchased the cemetery from Alderwoods in or around 2002.[1] In 1967, Kenneth’s father, Ben Jakeman, purchased from MMC a “family plot” in the cemetery containing 10 separate burial spaces. The plot Ben selected was specifically chosen because of its location adjacent to plots owned by Ben’s mother, Frances O’Neal. Pursuant to the terms of the purchase agreement for the family plot, burial within Ben’s plot was limited to members of either the Jakeman family or the O’Neal family.
In August 2002, MMC allegedly mistakenly conveyed two spaces in Ben’s family plot to James A. Jones and his wife, Judy A. Jones. Following James’s death, on August 28, 2002, James was interred in one of those two spaces.
In 2006, Kenneth learned that James had been buried in Ben’s family plot, at which time, Kenneth says, he immediately notified MMC and Ben. In response to demands by Kenneth and Ben, MMC disinterred James and moved both his body and his marker; however, James was reinterred in another space on Ben’s family plot. Ben died in 2008. At the time of Ben’s death, James’s body remained buried in one of the spaces in Ben’s plot.
Despite the offer of an exchange of burial spaces, and based upon their purported refusal to again exhume and move James’s body and marker, in May 2010 Kenneth filed suit against Alderwoods, Lawrence, MMC, and Judy A. Jones, alleging breach of contract; trespass; negligence, willfulness, and/or wantonness; the tort of outrage; and conversion. In her answer to Kenneth’s complaint, Judy asserted her own cross-claim against Alderwoods, Lawrence, and MMC, based on their alleged error in conveying to her spaces already owned by Ben and the initial erroneous burial of James, his disinterment, and his subsequent erroneous reburial in another of Ben’s spaces.
Alderwoods subsequently filed a motion to dismiss Kenneth’s complaint based on its contentions that Kenneth lacked the requisite “standing” to pursue the stated claims, that the asserted tort claims did not survive Ben’s death, and that some of the claims were barred by the expiration of the applicable limitations periods. Lawrence and MMC later joined Alderwoods’s dismissal motion.
*657 The trial court conducted a hearing on the motion to dismiss, on July 28, 2010, at the conclusion of which the trial court announced on the record its intention to dismiss the action but to provide Kenneth 30 days to refile any viable claims. Also at the conclusion of the hearing, the trial court requested a proposed order reflecting its stated decision, which counsel for Alderwoods volunteered to provide. The record reflects that, on August 1, 2010, the trial court signed the order prepared by Alderwoods granting the joint dismissal motion,[2] dismissing “all claims brought by the plaintiff against all defendants.” The order further provided that “all cross claims [were] also dismissed.”
On August 2, 2010, Judy, who was presumably aware of the contents of the trial court’s dismissal order at the time it was signed, filed a postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P., seeking to alter, amend, or vacate the order on the ground that it dismissed her cross-claim, which, she contended, was not addressed by the dismissal motion and was, therefore, not' properly before the trial court on the motion to dismiss. The clerk of the trial court subsequently entered the trial court’s previously signed dismissal order on September 17, 2010.
On October 14, 2010, Kenneth filed a Rule 59(e), Ala. R. Civ. P., motion seeking to alter, amend, or vacate the trial court’s dismissal order. On October 29, 2010, the trial court entered an order specifically denying only Kenneth’s motion to alter, amend, or vacate. On November 29, 2010, the trial court entered an “Amended Order” reiterating its dismissal of all of Kenneth’s claims but ordering that “all cross claims filed by Judy ... are NOT DISMISSED and shall remain- pending.” Kenneth filed his notice of appeal on that same date.

Discussion

Although no party to the present appeal questions the subject-matter jurisdiction of this Court, as we have previously stated, “we ‘are not confined to the arguments of the parties in our subject-matter-jurisdiction analysis because subject-matter jurisdiction cannot be waived by the failure to argue it as an issue.’ ” Bon Harbor, LLC v. United Bank, 20 So.3d 1263, 1265 (Ala.2009) (quoting Riley v. Hughes, 17 So.3d 643, 648 (Ala.2009)). Despite representations in Kenneth’s notice of appeal that the underlying matter has been disposed of in its entirety, we hold that, because Judy’s cross-claim remains pending below, this appeal is from a nonfinal judgment, and we do not have subject-matter jurisdiction.
As previously mentioned, on August 2, 2010, the day after the original dismissal order was signed by the trial court but 46 days before the entry of that judgment by the clerk, Judy filed a postjudgment motion seeking to amend the order on the ground that it erroneously dismissed her pending cross-claim. The trial court’s mere signing of an order is insufficient to make the order effective:
“The mere signing of a separate written order or judgment, however, is not enough to make that order or judgment effective. Unlike signing a Civil docket sheet, one additional act by the trial judge is necessary to demonstrate the *658 judge’s intent to finalize and make effective a separate written order or judgment. Specifically, the trial judge must authorize the separate written order or judgment to be filed with the clerk or register, which typically will be accomplished simply by the delivery of the separate written order or judgment to the clerk with the intent that it be entered. It is at that point that the ministerial duty of the clerk under Rule 58 is triggered, and the clerk becomes obligated promptly to enter the order or judgment. Until that point, however, the written order or judgment, itself, much like an undelivered deed to real property, remains within the control of the signer and that signer, the judge, is free to alter it, postpone its entry, or decide not to cause it to be entered at all. As this court noted in Lacks v. Stribling, 406 So.2d 926, 930 (Ala.Civ.App.1981), ‘[a] separate judgment may be signed by the trial judge, but it is not effective until he authorizes that it be filed with the clerk or register, even if the filing date is several days, weeks or even months later than the date reflected on the judgment.’ (Emphasis added.)”
Rollins v. Rollins, 908 So.2d 828, 833 (Ala.Civ.App.2004) (some emphasis added). See also Rule 58(c), Ala. R. Civ. P.[3]
Therefore, at the time it was initially filed, Judy’s motion sought to alter, amend, or vacate a judgment that had not yet been entered. However, the premature filing of her motion did not render the motion a nullity. Instead, as noted by the Court of Civil Appeals in T.T.T. v. R.H., 999 So.2d 544 (Ala.Civ.App.2008), this Court, in similar circumstances, has previously concluded:
“ ‘We hold that if a party moves for a judgment as a matter of law or, in the alternative, for a new trial before the court has entered judgment, the motion shall be treated as having been filed after the entry of the judgment and on the day thereof.’
“New Addition Club, Inc. v. Vaughn, 903 So.2d 68, 72 (Ala.2004); see also Rule 4(a)(3), Ala.R.App.P.; and Richardson v. Integrity Bible Church, Inc., 897 So.2d 345, 347 (Ala.Civ.App.2004) (‘[A] premature postjudgment motion that, if it had been directed to a final judgment, would toll the time for filing a notice of appeal from a final judgment (see Ala. R.App. P., Rule 4(a)(3)) “quickens” on the day that the final judgment is entered.’).”
999 So.2d at 547-48.
The judgment in the underlying case was entered on September 17, 2010. In consideration of the foregoing, and as our courts have consistently determined, “[Judy’s] postjudgment motion, filed before the entry of the ... final judgment, quickened on the day that judgment was entered.” Miller v. Miller, 10 So.3d 570, 571-72 (Ala.Civ.App.2008).
Pursuant to Rule 59.1, Ala. R. Civ. P., a postjudgment motion filed pursuant to, among other rules, Rule 59 is deemed denied by operation of law 90 days after the filing date in the absence of the par *659 ties’ express consent to an extension of the 90-day period. Further, “Rule 59.1 has been held to apply separately to each distinct timely filed postjudgment motion so as to afford the trial court a full 90-day period to rule on each separate motion.” Roden v. Roden, 937 So.2d 83, 85 (Ala.Civ.App.2006) (citing Spina v. Causey, 403 So.2d 199, 201 (Ala.1981)). Here, Judy’s postjudgment motion, although initially premature, was deemed filed on September 17, 2010 — the date the trial court’s initial order was entered by the clerk of the court. Once Judy’s motion quickened into a proper postjudgment motion, the trial court had the full 90-day period provided for in Rule 59.1 to rule on that motion. Woods v. SunTrust Bank, 81 So.3d 357, 364 (Ala.Civ.App.2011). Therefore, because the trial court retained jurisdiction to grant or deny Judy’s post-judgment motion until December 17, 2010, it clearly possessed the requisite jurisdiction as of November 29 to issue the “amended order” in which it effectively adjudicated that motion and reinstated Judy’s cross-claim.[4]
“The general rule is that a trial court’s order is not final unless it disposes of all claims as to all parties.” Dickerson v. Alabama State Univ., 852 So.2d 704, 705 (Ala.2002) (emphasis added).
“The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party.”
Committee Comments on 1973 Adoption of Rule 54(b), Ala. R. Civ. P. (emphasis added). See also Baugus v. City of Florence, 968 So.2d 529, 531 (Ala.2007) (“ ‘A ruling that disposes of fewer than all claims or relates to fewer than all parties in an action is generally not final as to any of the parties or any of the claims. See Rule 54(b), Ala. R. Civ. P.’ ” (quoting Wilson v. Wilson, 736 So.2d 633, 634 (Ala.Civ.App.1999))).
In the present case, the trial court’s amended order expressly left pending Judy’s cross-claim. Additionally, the trial court did not certify its judgment dismissing Kenneth’s claims as final pursuant to Rule 54(b), Ala. R. Civ. P. — in fact, the order neither mentions nor quotes that rule. Consequently, the trial court’s amended judgment is a nonfinal judgment, which will not support an appeal. See Crutcher v. Williams, 12 So.3d 631, 637 (Ala.2008) (concluding that trial court’s order, which left pending defendant’s cross-claim, was not a final appealable judgment). See also Faulk v. Rhodes, 43 So.3d 624, 625-26 (Ala.Civ.App.2010) (dismissing appeal on ground that trial court’s judgment, which failed to adjudicate all pending claims, including defendant’s cross-claim, and contained no Rule 54(b) certification, “was not a final judgment that can support an appeal”).
APPEAL DISMISSED.
MALONE, C.J., and STUART, PARKER, and WISE, JJ., concur.

. Because all parties agree that Alderwoods sold the cemetery to Lawrence before the events giving rise to the underlying action, and upon motion by Kenneth made pursuant to Rule 42, Ala. R.App. P., Alderwoods was voluntarily dismissed as a party to the present appeal by separate order of this Court.

. As discussed in more detail below, despite the fact that the order was signed by the trial court on August 1, 2010, the case-action summary reflects that it was not actually entered by the clerk of the trial court until September 17, 2010. See Rule 58(c), Ala. R. Civ. P. ("An order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.”).

. Pursuant to recent amendments to Rule 58, and in keeping with technological advances implemented by our court system, official entry of a judgment is now effected by electronic transmission of an order to the State Judicial Information System. See Committee Comments to the 2006 and 2008 amendments to Rule 58, Ala. R. Civ. P. We specifically note, however, that the Committee Comments to Amendment to Rule 58 Effective September 19, 2006, state, in pertinent part, that that "amendment ... reinstates the distinction between the substantive, judicial act of rendering a judgment and the procedural, ministerial act of entering a judgment." See also Gilliam v. Gilliam, 43 So.3d 615, 618 (Ala.Civ.App.2010) ("The rendering and the entering of a judgment are two separate acts.”).

. Although the trial court’s November 29 "Amended Order” did not either explicitly reference or address Judy’s postjudgment motion, we nonetheless conclude that it was an adjudication of that motion because it granted the specific relief requested in the motion and amended its previous judgment accordingly. See Bittinger v. Byrom, 65 So.3d 927, 931 (Ala.Civ.App.2010).