THOMPSON, Presiding Judge.
This is the second time these parties have been before this court. In the action addressed in the first appeal considered by this court, T.Y. and D.Y. (“the petitioners”), had petitioned the Jefferson Juvenile Court (“the juvenile court”) to find two of the minor children of S.S. (“the mother”) dependent and to award custody of those two children (“the children”) to the petitioners. The juvenile court entered a judgment on September 11, 2013, finding the children dependent and awarding custody of the children to the mother, but making no provision for further review of the dependency action. The petitioners appealed, and after a remand from this court, the juvenile court, on August 6, 2014, entered a new, final judgment in that action in which it reentered the provisions of the September 11, 2013, judgment but also specified that the matter would be periodically reviewed. On return to remand, this court affirmed that judgment, without an opinion. See T.Y. v. S.S. (No. 2130034, Sept. 12, 2014), — So.3d - (Ala.Civ.App.2014) (table).
After the entry of the August 6, 2014, judgment, but before this court had released its opinion affirming that judgment, the juvenile court conducted a review hearing in August 2014, and it rendered a judgment in which it again found the children dependent but in which it modified the custody award. In that judgment, the juvenile court awarded the mother and the petitioners joint legal custody of the children, with the petitioners having primary physical custody. Although the judgment entered after the August 2014 review hearing was dated August 28, 2014, and was signed by the juvenile-court judge on that date, it was date-stamped in the clerk’s office on September 3, 2014, and it was actually entered in the State Judicial Information System (“SJIS”) on September 4, 2014. Pursuant to Rule 58(c), Ala. R. Civ. P., “[a]n order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.” See also Jakeman v. Laurrence Grp. Mgmt. Co., 82 So.3d 655, 657-58 (Ala.2011) (explaining that a judgment signed by the trial court is not effective until it is entered in the SJIS). Accordingly, we refer to the judgment from which the current appeal is taken as “the September 4, 2014, judgment.”
On August 29, 2014, the day after the court signed the September 4, 2014, judgment but before that judgment was entered in the SJIS, the mother, acting pro se although she was represented by counsel, filed a postjudgment motion, arguing that the juvenile court had erred in awarding primary physical custody to the petitioners. The juvenile court wrote a notation on that motion, stating “Denied. Movant is represented by counsel.” That denial of the mother’s August 29, 2014, postjudgment motion was entered in the SJIS on September 3, 2014, the day before the juvenile-court clerk entered the September 4, 2014, judgment in the SJIS.
According to Alabama caselaw, the mother’s August 29, 2014, postjudgment motion was deemed to be effective on September 4, 2014, on the same day as, but following, the entry of the judgment from which the postjudgment motion was taken. See New Addition Club, Inc. v. Vaughn, 903 So.2d 68, 72 (Ala.2004) (“Thus, we conclude that a postjudgment motion filed before a judgment is entered is not a nullity; it becomes effective when the *220 judgment is entered.”); see also Jakeman v. Lawrence Grp. Mgmt. Co., 82 So.3d at 658-59; D.K.M. v. R.M., 57 So.3d 770, 772 n. 1 (Ala.Civ.App.2010); and T.T.T. v. R.H., 999 So.2d 544, 574-48 (Ala.Civ.App.2008). Accordingly, for the purposes of resolving this appeal, we hereinafter refer to the postjudgment motion the mother filed on August 29, 2014, as “the initial postjudgment motion” or “the September 4, 2014, postjudgment motion.”
The mother’s attorney moved to withdraw on September 9, 2014. On September 12, 2014, the mother, again acting pro se, filed another postjudgment motion identical to the September 4, 2014, post-judgment motion. New counsel for the mother later filed another postjudgment motion on behalf of the mother on September 17, 2014.
The juvenile court entered an order purporting to deny the “mother’s motion to alter, amend, or vacate” on September 29, 2014; that order did not reference which of the mother’s two later-filed post-judgment motions it might be addressing.[1] The mother filed a notice of appeal on October 9, 2014.
In their briefs submitted to this court, neither the parties nor the children’s guardian ad litem addressed the effect the mother’s September 4, 2014, postjudgment motion had on the timeliness of this appeal. This court requested letter briefs from the parties on that issue, particularly in light of the holding in New Addition Club, Inc. v. Vaughn, supra. The mother, in her letter brief, acknowledges that her initial postjudgment motion was denied by the juvenile court, but she argues that the appeal is timely filed when measured from September 29, 2014, the date, she says, her second and third postjudgment motions were denied.
It is clear that the mother’s initial postjudgment motion, filed August 29, 2014, is deemed to have been effective on September 4, 2014, after the entry of the judgment entered on that same date. New Addition Club, Inc. v. Vaughn, 903 So.2d at 72. The premature filing of that postjudgment motion “did not render the motion a nullity.” Jakeman v. Lawrence Grp. Mgmt. Co., 82 So.3d at 658. The juvenile court, however, had denied that postjudgment motion on September 3, 2014. The parties have not addressed whether that denial became effective on September 4, 2014, after the entry of the judgment and after the mother’s initial postjudgment motion became effective. This court has been unable to locate case-law on point, and the parties’ letter briefs offered no assistance in this regard. However, we conclude that the juvenile court’s September 3, 2014, ruling on the mother’s initial postjudgment motion became effective after the postjudgment motion itself became effective. In other words, the denial of the September 4, 2014, post-judgment motion also became effective on September 4, 2014, after the judgment was entered and the postjudgment motion itself became effective. Accordingly, in order to timely appeal, the mother was required to have filed her notice of appeal within 14 days of the denial of her initial postjudgment motion, in this case by September 18, 2014. H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1279 (Ala.Civ.App.2009) (“A notice of appeal in a juvenile action must be filed within 14 days of the date of entry of the judgment or the denial of a postjudgment motion. Rule 4(a)(1), Ala. R.App. P.”).
*221 Out of an abundance of caution, we note that, even assuming that the mother’s September 4, 2014, postjudgment motion was not deemed denied by the entry of the September 3, 2014, order in the SJIS, the mother’s appeal would still be untimely filed. Although the mother did file two additional postjudgment motions within the 14-day period following the entry of the September 4, 2014, judgment, those additional postjudgment motions did not operate to extend the time for taking an appeal. The mother’s second pro se post-judgment motion, filed September 12, 2014, was identical to her initial, September 4, 2014, postjudgment motion. In those motions, the mother argued that the evidence did not support an award of custody to the petitioners and she sought a return of custody of the children to her. In the mother’s September 17, 2014, motion, the mother’s attorney made the same arguments, albeit more cogently than had the first two pro se motions. Thus, all three of the mother’s postjudgment motions sought the same relief on the same grounds.
“Under Alabama law, if a party files a postjudgment motion that neither (1) requests relief on grounds different from, or additional to the grounds asserted in a previous postjudgment motion so as to amount to a proper amendment to the earlier motion, nor (2) seeks different postjudgment relief so as to be a separate postjudgment motion, the second-filed motion is not due to be treated as a separate motion but as a mere repetitive filing. See Roden v. Roden, 937 So.2d 83, 85 (Ala.Civ.App.2006).”
Curry v. Curry, 962 So.2d 261, 264 (Ala.Civ.App.2007).
Under the authority of Curry v. Curry, supra, and Roden v. Roden, 937 So.2d 83 (Ala.Civ.App.2006), the mother’s September 12, 2014, and September 17, 2014, motions were repetitive filings of her initial September 4, 2014, postjudgment motion. Assuming, for the sake of argument, that the juvenile court’s September 3, 2014, order denying the initial postjudgment motion was ineffective, the mother’s initial, September 4, 2014, postjudgment motion would have been denied by operation of law on September 18, 2014. See Rule 1(B), Ala. R. Juv. P. (providing that a postjudgment motion in a juvenile action may not remain pending for more than 14 days); T.P. v. T.J.H., 10 So.3d 613, 614 (Ala.Civ.App.2008) (holding that a post-judgment motion in a juvenile action was denied by operation of law 14 days after the filing of that motion). Under those circumstances, the mother’s notice of appeal would have been required to have been filed on October 2, 2014, within 14 days of the denial by operation of law of the September 4, 2014, postjudgment motion. The mother filed her notice of appeal on October 9, 2014, outside the time for taking a timely appeal.
“The timely filing of a notice of appeal is jurisdictional.” T.P. v. T.J.H., 10 So.3d at 614. This court lacks jurisdiction over this untimely appeal; therefore, we must dismiss the appeal. Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The juvenile court had already entered an order denying the September 4, 2014, post-judgment motion; therefore, it is clear that the September 29, 2014, order did not purport to address that motion.