Rel: March 13, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

————————————————

### SC-2025-0346 and SC-2025-0357

————————————————

## Tara Grall

### v.

## William Grall and G-Team, P.C.

### Appeals from Lauderdale Circuit Court
### (CV-24-900070)

STEWART, Chief Justice.

These consolidated appeals arise from a dispute between Tara Grall and her former husband, William Grall, regarding a business in which they are the sole, coequal shareholders, G-Team, P.C. ("G-Team"). In appeal no. SC-2025-0346 ("the first appeal"), Tara filed a notice of appeal

seeking review of several interlocutory orders of the Lauderdale Circuit Court ("the trial court"). While the first appeal was pending, the trial court purported to enter a final judgment directing the winding up of G-Team, from which Tara also filed a notice of appeal -- appeal no. SC-2025-0357 ("the second appeal"). For the following reasons, we dismiss both appeals.

<u>Facts and Procedural History</u>

G-Team is an Alabama professional corporation that had previously done business in Lauderdale County. In March 2024, during the pendency of the Grall's divorce proceedings and after G-Team had permanently ceased doing business, William commenced a derivative action against Tara under § 10A-2A-7.40 et seq., Ala. Code 1975, seeking to enforce the purported right of G-Team to sell its real property ("the property") to cover its mortgage debt. Following a hearing in which Tara asserted that the property could not be sold because it was subject to a lien from the Small Business Administration, the trial court ordered the sale of the property. It then set a hearing to determine the proper distribution of the sale proceeds and to complete G-Team's winding-up process.

Tara, proceeding pro se, subsequently filed -- among many other motions -- a motion titled "Emergency Motion to Stay May 1, 2025 Hearing Due to Vehicle Safety, Financial Hardship, and Pending Federal Litigation," and a motion titled "Motion to Recuse Judge Ben Graves for Judicial Bias, Ethical Conflict, and Material Witness Involvement." The trial court entered orders denying both motions.

On April 22, 2025, Tara, citing Rule 4(a)(1), Ala. R. App. P., filed a notice of appeal to the Court of Civil Appeals. She described her appeal as "interlocutory" and requested from the Court of Civil Appeals a stay of proceedings in the trial court pending appellate review. That court denied Tara's request.

Despite the pendency of Tara's appeal, the trial court conducted a final hearing to complete G-Team's winding-up process. On May 1, 2025, the trial court purported to enter a final judgment. Tara appealed that judgment to the Court of Civil Appeals. The Court of Civil Appeals transferred Tara's appeals to this Court based on a lack of subject-matter jurisdiction.

Discussion

Although neither party has raised the issue, we must determine whether this Court has jurisdiction over Tara's appeals before we can consider the merits of her arguments. See Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987) ("[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."). For this Court to have jurisdiction to consider an appeal, the appeal must be authorized by statute or the Alabama Rules of Appellate Procedure. See John Crane-Houdaille, Inc. v. Lucas, 534 So. 2d 1070, 1073 (Ala. 1988) (discussing this Court's jurisdiction over appeals from certain orders). Section 12-22-2, Ala. Code 1975, authorizes appeals from final judgments to the "appropriate appellate court."[1] Rule 4(a)(1), among other things, authorizes appeals arising from certain types of interlocutory orders. Tara relies on Rule 4(a)(1) as authorization for each of her appeals.

### The First Appeal, Appeal No. SC-2025-0346

Tara filed her first notice of appeal on April 22, 2025, before a final judgment was entered by the trial court. In her notice of appeal, Tara stated that she was appealing "(1) the trial court's failure to recuse

---

[1]A final judgment is one that resolves all claims against all parties. Jakeman v. Lawrence Grp. Mgmt. Co., 82 So. 3d 655, 659 (Ala. 2011).

4

despite being a material witness in the underlying matter, (2) the court's refusal to allow remote appearance notwithstanding substantial evidence of financial and physical hardship including irreparable harm to the Defendant … and (3) judicial inaction in upholding clearly established federal lien priority under 31 U.S.C. § 3713 and UCC § 9-315." None of these orders addressing those issues qualifies as a final judgment that would support an appeal.  Nor is any of them a type of interlocutory order from which Rule 4(a)(1) authorizes a direct appeal -- i.e., an interlocutory order "(A) … granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction; (B) … appointing or refusing to appoint a receiver; [or] (C) … determining the right to public office." Because Tara's first appeal is not from a final judgment, and because it is not from a qualifying interlocutory order under Rule 4(a)(1), we lack jurisdiction to consider that appeal, and it is due to be dismissed. See Richey v. Morris, 389 So. 3d 347, 348 (Ala. 2023); see also Ex parte Alabama Dep't of Hum. Res., 999 So. 2d 891, 895 (Ala. 2008) ("[W]e are obligated to dismiss an appeal if, for any reason, jurisdiction does not exist.").

The Second Appeal, SC-2025-0357

Tara filed her second notice of appeal on May 1, 2025, seeking review of the trial court's purported May 1, 2025, final judgment. That judgment, however, was entered during the pendency of the first appeal.

The filing of an appeal has jurisdictional implications. Williams v. Mari Props., LLC, 329 So. 3d 1237, 1240 (Ala. 2020). Specifically, it divests the trial court of jurisdiction. Id. That is because "[j]urisdiction of a case can be in only one court at a time," Reynolds v. Colonial Bank, 874 So. 2d 497, 503 (Ala. 2003), and, while an appeal is pending, the binding presumption is that the court with jurisdiction is the appellate court. Williams, 329 So. 3d at 1240 n.3. The appellate court retains jurisdiction until it disposes of the appeal, even if it ultimately determines that it never had jurisdiction to consider the appeal in the first place. See Foster v. Greer & Sons, Inc., 446 So. 2d 605, 608 (Ala. 1984), overruled on other grounds by Ex parte Andrews, 520 So. 2d 507 (Ala. 1987). Because only the appellate court has jurisdiction while the appeal is pending, any purported final judgment the trial court enters during that time is void. See, e.g., Etheredge v. Genie Indus., Inc., 632 So. 2d 1324, 1325 (Ala. 1994) (holding that trial court's order entered while appeal was pending "was a nullity and would not support a notice of appeal"). This Court

6

lacks jurisdiction to consider an appeal from a void judgment. See Honea v. Raymond James Fin. Servs., Inc., 240 So. 3d 550, 558 (Ala. 2017).

In this case, when Tara filed her first notice of appeal on April 22, 2025, the trial court was divested of jurisdiction to proceed to a final adjudication of the matter. Nevertheless, the trial court continued issuing orders, culminating in its purported final judgment entered May 1, 2025. Because the trial court lacked jurisdiction to enter that judgment, the judgment is void. Accordingly, the second appeal, which arises from that judgment, is also due to be dismissed. See MPQ, Inc. v. Birmingham Realty Co., 78 So. 3d 391, 394 (Ala. 2011) ("'A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.'" (quoting Vann v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008))).

## Conclusion

The first appeal is taken from certain interlocutory orders from which a direct appeal does not lie. The first appeal is, therefore, dismissed. Because the judgment at issue in the second appeal was

7

entered while the trial court was divested of jurisdiction, that judgment is void, and the appeal from that void judgment must also be dismissed.

SC-2025-0346 -- APPEAL DISMISSED.

SC-2025-0357 -- APPEAL DISMISSED.

Shaw, Bryan, Mendheim, and McCool, JJ., concur.