Conseco Finance Corporation of Alabama d/b/a Green Tree Financial Corporation ("Conseco"), appeals from an order denying Conseco's motion to compel arbitration. We dismiss the appeal because it is not ripe for review.
Conseco filed a complaint on February 11, 2000, against Nora Slay ("Slay") alleging that it had entered into a contract with Slay for the purchase of a mobile home; that, pursuant to that contract, it had retained a purchase-money security interest in the home; and that under the terms of the contract it was entitled to the recovery of the collateral (i.e., the mobile home) and a money judgment for the outstanding indebtedness on the home. Conseco amended its complaint on October 23, 2000. Slay answered Conseco's amended complaint on *Page 618 
November 20, 2000, and asserted a counterclaim alleging that the signature on the contract purporting to be hers was a forgery.
On April 9, 2001, Conseco filed a motion to compel arbitration of Slay's counterclaim, pursuant to an arbitration provision contained in the contract. A hearing on the motion was held on August 2, 2001. After arguments, the trial court stated:
 "At this time I am going to state that Nora Slay's allegation that her purported signature on these documents is, in fact, a forgery, and is going to be sufficient to prohibit the matter from proceeding to arbitration, and that she would have the right to a jury trial in this matter."
The case action summary sheet has a notation for the same day which states, "Motion to Compel Arbitration DENIED." Thereafter, Conseco filed a motion to alter, amend, or vacate the order denying its motion to compel arbitration, arguing, in part, that the trial court's order denying arbitration should be amended
 "to clarify that arbitration is not being denied at this stage of the proceeding but, rather, that the issue of the validity of Slay's signature on the arbitration agreement should be determined by trial by jury and thus the validity of the arbitration agreement will be determined by jury trial."
The trial court denied Conseco's motion in an order issued September 6, 2001.
On appeal, Conseco concedes that the trial court properly held that the question whether the signature on the contract purporting to be Slay's was forged was a question for a jury. See Ex parte Meadows, 782 So.2d 277,280 (Ala. 2000) (a party contesting the existence of an agreement to arbitrate cannot be compelled to arbitrate such a threshold claim). Conseco argues that the trial court's ruling and order "might be construed to deny arbitration completely"; it asks this Court to "direct the lower court to clarify its ruling" to assure Conseco that its motion to compel arbitration was "conditionally" denied pending a resolution by a jury of the validity of the contract containing the arbitration provision.
Unfortunately for Conseco, it has, at this point in the proceedings, requested relief for a harm it has not yet suffered. Rather, Conseco claims that, assuming the jury finds the contract valid, the trial court's ruling and order could be read one way (i.e., as an absolute denial of arbitration), and that, if it is so read, Conseco would be legally harmed. Such speculative possibilities do not provide us with a "live controversy." "Matters that may or may not occur in the future do not present an existing controversy . . . ." Baldwin County v. PalmtreePenthouses, Ltd., 831 So.2d 603, 605 (Ala. 2002). The trial court has not construed its own ruling and order in the way Conseco fears it can be construed; neither has the trial court had the opportunity to apply such a construction because there is no indication that a jury has decided the forgery issue. Should the trial court construe its ruling permitting a trial by a jury "in this matter" to embrace all issues and not merely the authenticity of the signature on the arbitration agreement, Conseco may then appeal on the issue it has argued before this Court.
We conclude, therefore, that the issue raised by Conseco is not ripe for adjudication. Although neither party questioned the ripeness of this matter, we must dismiss this appeal ex mero motu because we lack jurisdiction to hear it. See Baldwin County, 831 So.2d at 605 n. 4 (this Court has a duty to notice a lack of subject-matter jurisdiction); Boonev. Director of Dep't of Public Safety, 337 So.2d 6, 8 (Ala.Civ.App. 1976) ("The dismissal of an action ex mero motu when it shows upon its face *Page 619 
that the court is without jurisdiction is always proper.").
APPEAL DISMISSED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and STUART, JJ., concur.
HARWOOD, J., concurs in the result.
WOODALL, J., dissents.