In 2000, Alabama State University ("ASU") terminated Ronald Dickerson from his position as head football coach at ASU. As a result of that termination, Dickerson sued ASU, then president of ASU Roosevelt Steptoe, and various members of the Board of Trustees of ASU ("the Board") in their official and individual capacities. The defendants filed motions to dismiss on the grounds of sovereign and State-agent immunity. Montgomery Circuit Judge Sarah M. Greenhaw, in an order dated November 29, 2001, granted the motions and dismissed Dickerson's claims without prejudice, with one exception: the trial court specifically denied the motions to dismiss "as to that portion of Count VIII [alleging deprivation of due process] requesting equitable relief." The trial court did not certify its order of dismissal as a final judgment pursuant to Rule 54, Ala.R.Civ.P. On December 14, 2001, Dickerson filed a motion to alter, amend, *Page 705 
or vacate the judgment, or, in the alternative, for a new trial. Judge Greenhaw denied Dickerson's motion on January 15, 2002. Dickerson appeals to this Court from Judge Greenhaw's denial of his postjudgment motion. The defendants argue that this appeal should be dismissed.
An appeal as a matter of right can be taken "[f]rom any final judgment
of the circuit court." § 12-22-2, Ala. Code 1975 (emphasis added). The general rule is that a trial court's order is not final unless it disposes of all claims as to all parties. Rule 54(b), Ala.R.Civ.P. However, when an action contains more than one claim for relief, the court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressdetermination that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54(b) (emphasis added). "An order is not final if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery."Grantham v. Vanderzyl, 802 So.2d 1077, 1080 (Ala. 2001).
In the present case, Judge Greenhaw's order does not dismiss Dickerson's claim seeking equitable relief for the alleged deprivation of his due-process rights. Although all of the other claims against all of the defendants were dismissed, Judge Greenhaw's order never provided "an express determination" that there was no just reason for delay in the entry of a judgment and never expressly directed the entry of a judgment under Rule 54(b). Thus, because Judge Greenhaw's order "leaves open the question of additional recovery," 802 So.2d at 1080, as to Dickerson's due-process claim, the order is not a final judgment. Because this Court therefore lacks jurisdiction to entertain Dickerson's appeal, his appeal is dismissed. Conseco Fin. Corp. of Alabama v. Slay, 839 So.2d 617,618-19 (Ala. 2002).
APPEAL DISMISSED.
Houston, See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.