BOLIN, Justice.
Highlands of Lay, LLC (“Highlands”), appeals from a default judgment entered in favor of Edward 0. Murphree. We dismiss the appeal as not being from a final judgment.

Facts and Procedural History

On November 4, 2008, Murphree sued Highlands and John J. Miller, who Mur-phree alleged was a member of Highlands and its authorized agent.[1] Murphree alleged fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, and breach of contract, arising out of a real-estate transaction. On December 12, 2008, Murphree amended his complaint. Murphree was not able to obtain service upon Highlands or Miller, and the trial court granted a motion to serve them by publication. On March 27, 2009, Highlands and Miller filed an answer and Highlands filed a counterclaim alleging negligence. On July 17, 2009, Murphree served discovery requests on Highlands. That same day, Murphree sent a deposition notice to Miller. Mur-phree later sent additional discovery requests to Highlands and Miller.
Highlands and Miller did not respond to the discovery requests, and Murphree filed separate motions to compel discovery against Highlands and Miller. On February 8, 2011, the trial court granted both motions and ordered Highlands and Miller to respond to the discovery requests. Highlands and Miller failed to comply with *207 the trial court’s orders. On May 25, 2011, Murphree filed a motion for a default judgment against Highlands and Miller pursuant to Rule 37(b)(2)(C) and Rule 55, Ala. R. Civ. P. On June 13, 2011, the trial court entered a default judgment against both Highlands and Miller, pursuant to Rule 55, Ala. R. Civ. P. The trial court gave Mur-phree 45 days to present testimony in support of his request for damages.
On July 9, 2011, Highlands filed a motion to set aside the default judgment. The trial court held a hearing on Highlands’ motion, and on October 11, 2011, the trial court entered an order denying Highlands’ motion. The trial court stated:
“Default judgment was entered in this case on June 13, 2011, a little over 18 months after this Defendant’s original attorney was allowed to withdraw. This Defendant’s original attorney moved to withdraw as counsel because Highlands of Lay and John Miller had failed to cooperate and failed to respond to discovery requests. All notices were mailed to this Defendant at the address provided. This Defendant has still not responded to discovery nor done anything to protect its interest or prosecute its counterclaim. The Court finds that this Defendant’s actions and inactions have been done willfully and shown a lack of respect for the Court and a disinterest in its own business.”
On November 10, 2011, the trial court conducted a hearing to determine damages against Highlands. Murphree presented evidence and submitted testimony in support of his damages claim, and counsel for Highlands was present and cross-examined Murphree. Murphree testified regarding conversations he had had with Miller. On November 17, 2011, the trial court entered a judgment in favor of Murphree and against Highlands in the amount of $368,062. On December 19, 2011, Highlands filed a postjudgment motion, seeking to set aside the judgment. In pertinent part, Highlands argued that Miller was not a member of Highlands and that Mur-phree failed to present any evidence indicating that Miller was an agent of Highlands. On January 6, 2012, the trial court denied the motion. On February 17, 2012, Highlands filed a notice of appeal.
On June 11, 2012, this Court’s clerk’s office sent the following form order to the trial court:
“It appearing to the Court that the order appealed from is not a final, ap-pealable order in that there is no adjudication of the plaintiffs claims against defendant John J. Miller, this cause is remanded to you for a determination as to whether to (1) make the interlocutory orders of June 13, 2011 (entry of default) and November 17, 2011 (damages order), a final judgment against Highlands of Lay, LLC, pursuant to the provisions of Rule 54(b), Alabama Rules of Civil Procedure; or (2) adjudicate the remaining claims, thus making the interlocutory orders of June 13, 2011, and November 17, 2011, final and appealable; or (3) do nothing, in which event the appeal will be dismissed as from a nonfi-nal order.
“If you elect to enter the Rule 54(b) order, or any other final judgment, a supplemental record reflecting such action should be prepared and forwarded to his Court within seven (7) days from the date shown on your order. The judgment will be considered final as of the date the new order is entered.
“As to claims newly adjudicated on remand, the trial court retains jurisdiction following the filing of a supplemental record in the pending appeal, and newly adjudicated claims will not be part of the pending appeal. This remand is *208 effective until further order of this Court.
“This remand order is entered in accordance with the policy stated in Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984).”[2]
On June 15, 2012, the trial court entered the following order:
“On June 11, 2012, the Alabama Supreme Court entered its remand order in which it determined that the order appealed from is not a final, appealable order because there is no adjudication of [Murphree’s] claims against Defendant John J. Miller. In order to facilitate the pending appeal, and finding no just reason for delay in making the appealed order final, it is hereby ORDERED, ADJUDGED and DECREED that the Default entered on June 13, 2011, and the Damages Order entered on November 17, 2011, are hereby made a Final Judgment in favor of the Plaintiff, Edward O, Murphree, and against the Defendant, Highlands of Lay, LLC, pursuant to [Alabama] of Civil Procedure 54(b).
“The remaining matters against John J. Miller will be disposed of by separate order. The Court has previously entered a default judgment against Miller but will schedule a ‘damages hearing1 as soon as possible.”
(Capitalization in original.)

Discussion

“In considering whether a trial court has exceeded its discretion in determining that there is no just reason for delay in entering a judgment, this Court has considered whether ‘the issues in the claim being certified and a claim that will remain pending in the trial court “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” ’ Schlarb [v. Lee ], 955 So.2d [418] at 419-20 [ (Ala.2006) ] (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987), and concluding that conversion and fraud claims were too intertwined with a pending breach-of-contract claim for Rule 54(b) certification when the propositions on which the appellant relied to support the claims were identical). See also Centennial Assocs. [v. Guthrie ], 20 So.3d [1277,] at 1281 [ (Ala.2009) ] (concluding that claims against an attorney certified as final under Rule 54(b) were too closely intertwined with pending claims against other defendants when the pending claims required ‘resolution of the same issue’ as issue pending on appeal); and Howard v. Allstate Ins. Co., 9 So.3d 1213, 1215 (Ala.2008)(concluding that the judgments on the claims against certain of the defendants had been improperly certified as final under Rule 54(b) because the pending claims against the remaining defendants depended upon the resolution of common issues).”
Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1263-64 (Ala.2010).
*209 In Centennial Associates, Ltd. v. Guthrie, 20 So.3d 1277 (Ala.2009), a limited partnership owned real property on which a wedding chapel was operated, and two of the limited partners sued two of the general partners. The limited partners alleged that the general partners twice had wrongfully transferred the pártnership’s interest in property and had failed to disburse payments from those transfers to the limited partners. The limited partners’ complaint stated claims of fraud, conversion, suppression and breach of fiduciary duty. The limited partners also sued the attorney who had prepared the closing documents for those transactions, alleging breach of the applicable standard of care and violations of the Alabama Legal Services Liability Act. The trial court entered a summary judgment for the attorney and made that judgment final pursuant to Rule 54(b), Ala. R. Civ. P. This Court held that because the trial court based it summary judgment for the attorney on its finding that the partnership had no interest in the property at the time of one of the transactions, the pending claims against the general partners relative to that transaction would require the resolution of the same issue, i.e., whether the partnership owned an interest in the property at that time. Therefore, we held that the remaining claims were so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results, and we dismissed the appeal as being from a nonfinal order.
In the present case, some of the issues presented in the still pending claim against Miller are the same issues presented in this appeal by Highlands. Highlands is arguing that the trial court erred in not setting aside the default judgment against it because, it says, it had a meritorious defense to Murphree’s claims based on Miller’s statements or e-mail from Miller and the timing of statements or e-mail to Murphree.[3] Appellate review in piecemeal fashion is not favored. Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354 (Ala.2004). “ ‘It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.’ ” Centennial Assocs., 20 So.3d at 1281 (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998)). Accordingly, we hold that the trial court exceeded its discretion in certifying the judgment entered against Highlands as final pursuant to Rule 54(b). Highlands’ appeal is therefore dismissed.
APPEAL DISMISSED.
MALONE, C.J., and WOODALL, MURDOCK, and MAIN, JJ., concur.

. Murphree also sued a real-estate company, two of its real-estate agents, and the previous owner of a lot he purchased as part of the real-estate transaction underlying this case. All of these defendants were eventually dismissed.

. The above order is a form order issued by this Court’s clerk’s office in compliance with Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984). However, it has never been the practice or procedure of this Court to determine the finality of a judgment made the basis of the appeal until proper review by this Court. Both the trial court and this Court’s clerk's office acted appropriately in regard to the order. However, in light of the decision in this matter, the form order to be issued prospectively in similar situations has been amended.

. Although the trial court entered a default judgment against Highlands as a sanction pursuant to Rule 37, Ala. R. Civ. P., based on Highlands' failure to comply with discovery, Highlands instead argues as a ground for reversal of the default judgment that it had a meritorious defense.