BRYAN, Justice.
First Commercial Bank of Huntsville (“the Bank”) appeals from a summary judgment in favor of various defendants on claims alleged by the Bank against those defendants. Because the summary judgment did not resolve all claims against all parties and because no part of the summary judgment was certified as final pursuant to Rule 54(b), Ala. R. Civ. P., the appeal is due to be dismissed as being from a nonfinal judgment.
The evidence below reveals the following facts. Quincy Wiggins applied to the Bank for a second-mortgage loan to finance the purchase of certain real property in Decatur. According to the Bank, Wiggins represented to the Bank that the purchase of the property would be further financed by a first-mortgage loan from First Franklin Financial Corporation (“FFF”) in the amount of $472,500. The property was appraised at a value of $730,000. The Bank approved the loan to Wiggins in the amount of $202,500. Henry Moore Nowlin III, Douglas Ray Bachuss, Jr., Nowlin & Associates, LLC, and First American Title Insurance Company (“FATIC”) participated in various capacities in closing the loan. The Bank and Wiggins closed the loan in April 2007.
In September 2008, the Bank refinanced Wiggins’s loan. The refinanced loan was secured by the same mortgage as was the original loan. In August 2008, during the process of refinancing the loan, the Bank learned that the first-mortgage loan from FFF was actually in the amount of $607,500 rather than $472,500, as previously represented by Wiggins to the Bank. Wiggins later defaulted on the refinanced loan.
In August 2009, the Bank sued Wiggins, Nowlin, Bachuss, Nowlin & Associates, and FATIC. With respect to Wiggins, the Bank alleged breach of contract, “amounts owed pursuant to a loan,” open account, account stated, unjust enrichment, fraud, misrepresentation, fraudulent suppression, and negligence. The Bank sued Nowlin & Associates, a law firm, and Nowlin and Bachuss, lawyers who were employed by the firm, under the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala. Code 1975, alleging fraud, misrepresentation, fraudulent suppression, negligence, and breach of fiduciary duty/duty of loyalty as an agent and/or attorney; the Bank also sought to hold Nowlin & Associates vicariously liable for the conduct of Nowlin and Bachuss. With respect to FATIC, the Bank alleged fraud, misrepresentation, fraudulent suppression, and negligence; the Bank also sought to hold FATIC vicariously liable for the conduct of Nowlin & Associates, Nowlin, and Bachuss.
*831 The Bank moved for a partial summary judgment against Wiggins on its breach-of-contract claim and against the other defendants on all claims against them. Nowlin, Bachuss, Nowlin & Associates, and FATIC moved for a summary judgment on all of the Bank’s claims against them. On January 25, 2012, the trial court entered an “order on motions for summary judgments,” in which it stated, in pertinent part:
“(I) This matter came before the Court on a Motion for Partial Summary Judgment filed by [the Bank] against ... Wiggins. The Court did not receive any response from ... Wiggins. After consideration of the matters submitted, the Court finds that there is no genuine issue of material fact and the [Bank] is entitled to a Judgment as a matter of law.
“Accordingly, it is Ordered, Adjudged and Decreed that the Judgment be and the same is hereby entered in favor of the [Bank] and against ... Wiggins
[[Image here]]
“(II) This matter is also presented to the Court on Motion of [the Bank] for Partial Summary Judgment against the remaining defendants. After consideration of the matters presented, it is Ordered that said Motion for Partial Summary Judgment be and the same is hereby denied.
“(Ill) This matter is also presented to the Court on Motion[s] of the Defendants ... Nowlin, ... Bachuss, ... Nowlin & Associates, ... and [FATIC] for Summary Judgment in their favor against the claims of the [Bank]. After consideration of all matters submitted, the Court finds that there is no genuine issue of material fact and that the said Defendants are entitled to a Judgment as a matter of law.
“It is therefore Ordered, Adjudged and Decreed that Summary Judgment be and the same is hereby entered in favor of the Defendants ... Nowlin, ... Bachuss, ... Nowlin & Associates, ... and FATIC.”
With some exceptions not applicable here, an appeal lies only from a final judgment.[1] Ex parte Green, 58 So.3d 135, 144 (Ala.2010); see also Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990); § 12-22-2, Ala.Code 1975. “The general rule is that a trial court’s order is not final [for purposes of appeal] unless it disposes of all claims as to all parties.” Dickerson v. Alabama State Univ., 852 So.2d 704, 705 (Ala.2002). Rule 54(b), Ala. R. Civ. P., establishes an exception to the general rule. Rule 54(b) provides, in pertinent part:
“When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
In this case, the Bank’s partial-summary-judgment motion requested a judgment on the breach-of-contract claim against Wiggins and on all the claims against the other defendants. However, the Bank’s motion did not request a summary judgment as to the remaining claims against Wiggins. Thus, the trial court’s order with regard to the motion did not dispose of all of the Bank’s claims against Wiggins, and the order was not final in regard to Wiggins.
*832 The motions for a summary judgment filed by Nowlin, Baehuss, Nowlin & Associates, and FATIC did request a judgment in their favor on all of the Bank’s claims against them, and the trial court’s order with regard to that motion did dispose of all pending claims against those defendants. However, because claims remain pending against Wiggins and the record does not contain a Rule 54(b) certification as to those — or any — claims, the order is not final as to Nowlin, Baehuss, Nowlin & Associates, and FATIC as well. As noted, a nonfinal judgment will not support an appeal. See Ex parte Green, supra. Accordingly, we dismiss the appeal as being from a nonfinal judgment.
APPEAL DISMISSED.
MOORE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. See Rules 4(a), 4(d), and 5, Ala. R.App. P.