THOMAS, Judge.
Chad Howard appeals a summary judgment entered in favor of one of several defendants, Big M Excavating, Inc. ("Big M"). Because the judgment is not final, we dismiss the appeal. The documents included in record on appeal indicate the following. In 2006 Howard purchased Lot 13 Autumn Ridge ("Lot 13") from Pinnacle Development Properties, Inc. ("Pinnacle Development"). The septic-tank system on Lot 13 eventually failed and could not be repaired. In 2009 Hometown Properties, LLC ("Hometown Properties"), and Wayne Foster purported to convey to Howard an additional property ("the SD lot") for Howard's use as a "sewer easement"; however, according to Howard, he later discovered that neither Hometown Properties nor Foster owned the SD lot. It appears that the parcel that included the SD lot had, instead, been owned by Hometown Residential Properties, Inc. ("Hometown Residential"), subject to a mortgage in favor of West Alabama Bank & Trust ("the bank").
Regardless, certain sewer lines that terminated on the SD lot were connected to the waste-disposal system on Lot 13. In February 2010 the bank foreclosed on Hometown Residential's mortgage and purchased the parcel that contained the SD lot at the foreclosure sale. Big M purchased the parcel that contained the SD lot from the bank. In 2012 Big M cut the sewer lines leading from Lot 13 to the SD lot.
In March 2013 Howard commenced an action in the Tuscaloosa Circuit Court against Foster, Hometown Properties, Hometown Residential, Pinnacle Development, and fictitiously named defendants A-F. In April 2013 Pinnacle Development filed a motion to dismiss all claims against it, which the circuit court granted. In May 2013 Foster, Hometown Properties, and Hometown Residential filed an answer and a motion to dismiss pursuant to Rule 12(b), Ala. R. Civ. P. Although no such order appears in the record, the State Judicial Information System case-action-summary sheet contains the following entry: "6/25/2013 ... ORDER DENYING MOTION TO DISMISS AND CANCELLING HEARING." (Capitalization in original.)
In December 2013 Howard filed a motion seeking to add Big M as a defendant, which the circuit court granted. Foster filed a suggestion of bankruptcy, and the circuit court placed the action on its administrative docket for a period. In March 2015 Howard filed a motion seeking to return the action to the circuit court's active docket. Foster filed a motion to dismiss all claims against him, which reads, in its entirety:
"COMES NOW the undersigned attorney for Defendant Wayne Foster and hereby files this Motion to Dismiss any *797 and all claims against Defendant Wayne Foster pursuant to the attached Chapter 7 Discharge Order.
"Further, the undersigned [attorney] moves the Court to allow him to withdraw as counsel for Hometown Properties, LLC[,] and Hometown Residential Properties, Inc., as these entities have no assets, are no longer doing business, and counsel has not been retained in this matter by said entities."
Before the circuit court entered an order granting Foster's motion to dismiss on March 26, 2015, Howard filed an amended complaint in which he alleged, in pertinent part, that "the defendants" were liable for damages for negligence and wantonness and that Big M, specifically, was liable for damages for trespass. The circuit court entered an order dismissing Foster from the action. That order reads, in pertinent part: "All other claims remain pending." Thus, Howard's claims against Hometown Properties, Hometown Residential, Big M, and fictitiously named defendants A-F remained pending.
Big M filed a motion for a summary judgment, a brief in support, and certain deeds as exhibits. Howard filed his own affidavit in response. The circuit court entered a summary judgment in favor of Big M, which reads, in pertinent part: "Summary Judgment is entered in favor of Defendant Big M Excavating, Inc.[,] on all claims asserted by [Howard] against said Defendant." The circuit court did not certify the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P.
Howard filed a motion to reconsider, which the circuit court denied. On May 10, 2016, Howard filed a notice of appeal to the Alabama Supreme Court. The appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Although the parties do not raise any argument regarding this court's jurisdiction to consider the appeal, "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). See also Ex parte Smith, 438 So.2d 766, 768 (Ala. 1983) ("Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.").
" 'With some exceptions not applicable here, an appeal lies only from a final judgment. Ex parte Green, 58 So.3d 135, 144 (Ala. 2010) ; see also Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990) ; § 12-22-2, Ala. Code 1975. "The general rule is that a trial court's order is not final [for purposes of appeal] unless it disposes of all claims as to all parties." Dickerson v. Alabama State Univ., 852 So.2d 704, 705 (Ala. 2002).'
" First Commercial Bank of Huntsville v. Nowlin, 122 So.3d 829, 831 (Ala. 2013) (footnote omitted)."
Johnson v. Reddoch, 198 So.3d 497, 503 (Ala. 2015).
The circuit court has not disposed of Howard's claims against Hometown Properties or Hometown Residential; thus, the judgment from which Howard has appealed is nonfinal. "An appeal will not lie from an order or judgment which is nonfinal." Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala. 1978). Therefore, we dismiss the appeal as having been taken from a nonfinal judgment.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.