Rel: February 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

_____

### SC-2022-0762

_____

## Philip F. Bowling and Jennie M. Bowling

### v.

## U.S. Bank National Association, as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007-SP2; Ocwen Loan Servicing, LLC; and Litton Loan Servicing, LP

### Appeal from Jefferson Circuit Court
### (CV-12-903803)

MITCHELL, Justice.

Rule 54(b) of the Alabama Rules of Civil Procedure gives a trial court discretion to certify a partial judgment as final, and thus immediately appealable, even though some piece of the case remains pending in the trial court. This appeal stems from a Rule 54(b) certification. For reasons explained below, we conclude that the Jefferson Circuit Court ("the trial court") exceeded its discretion in certifying its partial judgment as immediately appealable. Because an improper Rule 54(b) certification cannot support an appeal on the merits of the underlying judgment, we dismiss this appeal for lack of jurisdiction.

## Facts and Procedural History

Philip F. Bowling and Jennie M. Bowling purchased their house in Vestavia Hills via a promissory note in 1986. The loan was secured by a mortgage, which was eventually assigned to U.S. Bank National Association ("U.S. Bank"). A little over a decade later, the Bowlings began missing loan payments. Litton Loan Servicing, LP ("Litton"), the original servicer for the loan, sent the Bowlings several notices of default

between July 1999 and June 2011, before eventually transferring service of the loan to another entity, Ocwen Loan Servicing, LLC ("Ocwen").

In September 2011, Ocwen allegedly notified the Bowlings that they were in default. Ocwen then scheduled a foreclosure sale, which took place in October 2012. A company called WGB, LLC ("WGB"), purchased the Bowlings' house at the foreclosure sale, but the Bowlings refused to vacate the property. A few weeks later, WGB filed an ejectment action against them.

The Bowlings answered by asserting that they had not defaulted on the loan and that the foreclosure sale was invalid. The Bowlings also named as third-party defendants U.S. Bank, Ocwen, and Litton (which we, in keeping with the trial court's practice, refer to collectively as "the banks"), alleging that the banks had mishandled the loan, the foreclosure sale, and related matters. In total, the Bowlings asserted 15 third-party claims against the banks, captioned as follows: negligence; wantonness; wrongful foreclosure; slander of title; breach of contract; fraud; false light; defamation, libel, slander; violations of the Truth in Lending Act; violations of the Real Estate Settlement Procedures Act; violations of the Fair Credit Reporting Act; intentional infliction of emotional distress;

3

declarative relief; unjust enrichment; and violations of the Fair Debt Collection Practices Act.

WGB promptly moved for summary judgment on its ejectment claim, but -- before that motion could be heard -- the banks removed the action to federal court, where the parties litigated the case for several years. In 2020, however, the United States Court of Appeals for the Eleventh Circuit ordered that the case be remanded back to state court in accordance with an intervening decision from the United States Supreme Court in <u>Home Depot U.S.A., Inc. v. Jackson</u>, 587 U.S. ___, 139 S. Ct. 1743 (2019), which held that third-party defendants (such as the banks in this case) are not permitted to remove cases to federal court. <u>See</u> <u>Bowling v. U.S. Bank Nat'l Ass'n</u>, 963 F.3d 1030 (11th Cir. 2020).

Back in the trial court, the banks moved for summary judgment on the Bowlings' claims against them. The Bowlings, in turn, filed their own motion for partial summary judgment against the banks, seeking to have the foreclosure sale set aside as void. After the motions had been fully briefed, the trial court entered summary judgment in favor of the banks on 12 of the Bowlings' 15 claims, leaving pending the Bowlings' claims for wrongful foreclosure, breach of contract, and declaratory relief.

Separately, the trial court granted the Bowlings' motion for partial summary judgment, setting aside the foreclosure sale as "null and void." The trial court also denied WGB's motion for summary judgment on its ejectment claim.

In the aftermath of those rulings, WGB amended its complaint to add five claims against the banks, alleging in broad outline that the banks had mishandled the foreclosure and related matters. WGB's claims were captioned: misrepresentation; breach of contract; unjust enrichment; money had and received; and negligence/wantonness. Each of these claims, along with WGB's ejectment claim against the Bowlings, remains pending in the trial court.

Meanwhile, the banks filed a motion for partial reconsideration of the trial court's ruling on their summary-judgment motion, essentially asking the trial court to dismiss the Bowlings' three remaining claims against them. The trial court granted that motion and revised its original order to enter summary judgment in favor of the banks on all the Bowlings' claims. The Bowlings then filed their own motion to reconsider, which the trial court denied. In its order denying the Bowlings' motion to reconsider, the trial court -- for the first time and

5

without explanation -- certified its summary-judgment order disposing of the Bowlings' claims as immediately appealable under Rule 54(b).[1]  The Bowlings timely appealed.

Analysis

The Bowlings' appellate briefs argue primarily that the trial court's summary-judgment ruling should be reversed on the merits.  In the alternative, the Bowlings argue that the trial court erred by certifying its ruling as immediately appealable.  Because we agree with the latter argument, we do not reach the former.

Except as otherwise provided by law, an appeal lies only from a final judgment -- that is, a judgment disposing of all claims against all parties.  Wright v. Harris, 280 So. 3d 1040, 1043 (Ala. 2019).  Rule 54(b) provides one such exception:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party

---

[1]Although the trial court's order does not mention Rule 54(b) by name, it invokes that rule in substance by stating: "As there is no just reason for delay, the Court hereby DIRECTS the entry of a final judgment as to claims plead by [the Bowlings] against [the banks] (ONLY)."  As we have held in other cases, the trial court's recitation of the "no just reason for delay" language is "sufficient to indicate an intent to certify an order as a final order under Rule 54(b)," even if the trial court does not cite the rule expressly.  Elkins v. Carroll, 220 So. 3d 290, 297 (Ala. 2016).

> claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

In short, Rule 54(b) permits a trial court to certify a partial judgment as "final," and thus immediately appealable, even though some claims remain pending. Wright, 280 So. 3d at 1043. But that authority is conditioned on the trial court's determination that "there is no just reason for delay," and we review that determination for excess of discretion. Id.

This Court has repeatedly emphasized that "'"[c]ertifications under Rule 54(b) should be entered only in exceptional cases,'"'" because piecemeal appeals -- which typically entail considerable delay and expense -- are disfavored. Fuller v. Birmingham-Jefferson Cnty. Transit Auth., 147 So. 3d 907, 911 (Ala. 2013) (quoting Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So. 2d 354, 363 (Ala. 2004)); see also Wright, 280 So. 3d at 1043 ("'"[C]ertifications under Rule 54(b) are disfavored."'" (citations omitted)); Highlands of Lay, LLC v. Murphree, 101 So. 3d 206, 209 (Ala. 2012) ("'"It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the

[trial] court renders its decision on the remaining claims or as to the remaining parties."'" (citations omitted)).

In keeping with that general principle, we have consistently held that a trial court exceeds its discretion in certifying a judgment under Rule 54(b) if "'"the issues in the claim being certified and a claim that will remain pending in the trial court '"are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results."'"'" <u>Id.</u> at 208 (citations omitted).

A few examples from our precedents illustrate the point. In <u>Fuller</u>, for instance, employees sued several defendants responsible for administering the employee's retirement plan after the defendants had decided to reduce their benefits. The employees alleged breach of contract, conversion, breach of fiduciary duty, and bad faith. The defendants, in turn, brought a counterclaim to recoup benefits previously paid to the employees. The trial court entered summary judgment in favor of the defendants on the employees' claims and certified that judgment as final, even though the counterclaim remained pending. This Court unanimously held that the "factual underpinnings of the adjudicated claims are the same as those of the unadjudicated

counterclaim" and, accordingly, dismissed the appeal as stemming from an improper Rule 54(b) certification. Fuller, 147 So. 3d at 913.

This Court reached a similar conclusion in Centennial Associates, Ltd. v. Guthrie, 20 So. 3d 1277 (Ala. 2009). There, a limited partnership owned real property that it used for business purposes. Two limited partners sued two general partners, alleging that the general partners had twice wrongfully transferred the partnership's interest in property and had not disbursed payments from those transfers to the limited partners. The limited partners' complaint stated claims of fraud, conversion, suppression, and breach of fiduciary duty. The limited partners also brought malpractice-related claims against the attorney who had prepared the closing documents for those transactions. The trial court entered summary judgment for the attorney on one of the malpractice-related claims, based on its determination that the partnership had no interest in the property at the time of the relevant transaction. It then certified that judgment as final under Rule 54(b), leaving the other claims pending. This Court held that resolution of the unadjudicated claims would require resolution of "the same issue" as the adjudicated claims, namely whether the partnership owned an interest

9

in the property during the relevant period. This Court therefore held that the claims were so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results, and dismissed the appeal.

In that same vein is Branch v. SouthTrust Bank of Dothan, N.A., 514 So. 2d 1373 (Ala. 1987), which involved a bank suing a borrower to recover money owed on a promissory note. The borrower counterclaimed, asserting that an agent of the bank had made a fraudulent misrepresentation in order to induce him to execute the note. The trial court entered summary judgment in favor of the bank on its claim and certified that judgment as final under Rule 54(b), but it left the borrower's fraudulent-misrepresentation counterclaim pending. We held that the certification was improper because of the obvious factual overlap between the claim and the counterclaim.

This case is cast in the same mold as Fuller, Centennial Associates, and Branch. Here, the trial court certified as final its judgment on the Bowlings' claims against the banks, even though a slew of related claims -- claims arising out of the same fact pattern and involving overlapping allegations and evidence -- remain pending below. For instance, the

10

Bowlings' negligence and wantonness claims (which the trial court dismissed on the merits) alleged that the banks had wrongfully handled the loan and the foreclosure in violation of the mortgage agreement, an allegation that also plays a central role in WGB's still-pending claims against the banks for misrepresentation and negligence/wantonness. The Bowlings also alleged, as part of several of their claims (which the trial court also dismissed on the merits), that the banks had disseminated false information related to the loan, while WGB's still-pending misrepresentation claim likewise turns on the allegation that the banks had made false representations about the way in which they serviced the loan and conducted the foreclosure sale. In addition, the Bowlings and WGB each brought parallel unjust-enrichment claims against the banks, alleging that the banks had unfairly profited from the foreclosure sale. As these examples make clear, the Bowlings' adjudicated claims and WGB's pending claims ultimately center on the same basic theory -- namely, that the banks had mishandled the foreclosure.

This is precisely the type of case in which this Court has held that certification under Rule 54(b) is inappropriate. Yet the trial court offered no explanation for its determination that piecemeal adjudication in this

11

instance is necessary or even desirable,[2] and we cannot discern any support for that determination from the record. We therefore conclude that the trial court exceeded its discretion in certifying its judgment as final under Rule 54(b), and we dismiss this appeal as arising from a nonfinal judgment.

APPEAL DISMISSED.

Parker, C.J., and Shaw, Bryan, and Mendheim, JJ., concur.

---

[2]Notably, the banks do not even attempt to defend the trial court's certification decision in their brief, despite the Bowlings' repeated challenges to that decision in their initial brief.