Rel: September 12, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2025

-------------------

### SC-2025-0232

-------------------

**Richard D. Gaynor, as personal representative of the Estate of Arthur L. Bacon, deceased**

**v.**

**Tom L. Larkin**

**Appeal from Talladega Circuit Court**
**(CV-24-900537)**

BRYAN, Justice.

Richard D. Gaynor, as personal representative of the estate of

Arthur L. Bacon, deceased, purports to appeal from an order of the

Talladega Circuit Court. For the reasons explained below, we dismiss the appeal.

Background

Gaynor commenced this action in November 2024, naming Tom L. Larkin and Jerome B. Williams as defendants. According to the complaint, approximately three days after Bacon's death, a durable power of attorney in favor of Larkin, a licensed attorney, was recorded in the Talladega Probate Court. Bacon had purportedly executed the durable power of attorney in September 2019. The complaint further alleged that, hours before Bacon's death, Larkin had executed a deed conveying all of Bacon's real property to Williams. The complaint asserted nine separate counts, which, in sum, collectively sought avoidance of the conveyance and specified awards of damages.

Williams filed a motion to dismiss the complaint, asserting several bases for a dismissal. Thereafter, Larkin also filed a motion to dismiss, also asserting multiple bases for a dismissal.

On March 3, 2025, the circuit court entered an order granting Larkin's motion to dismiss. That same day, the circuit court entered an order stating: "Counsel for the [p]laintiff shall have 30 days to amend the

complaint in the above[-]styled action to include the necessary heirs and/or otherwise all 'real parties' in interest pursuant to Rule 17 and Rule 19 of the Alabama Rules of Civil Procedure." Gaynor thereafter requested an extension of time to "respond" to the circuit court's orders. Williams and Larkin filed responses opposing Gaynor's request for additional time; in his response, Larkin asserted that the reasons Gaynor had given for his request were irrelevant to the basis for Larkin's dismissal from the action.

On April 11, 2025, Gaynor filed a notice of appeal to this Court, purportedly appealing from the circuit court's March 3, 2025, order dismissing Larkin from the action.[1] On April 21, 2025, the circuit court entered an order stating:

> "On March 3rd, this Court entered an order dismissing Tom Larkin as a [p]arty in this [m]atter. For clarification and reference, said dismissal is a final order as to party Tom Larkin for purposes of appeal subject to Alabama Rules of Civil Procedure 58(b)."

---

[1]Apparently, Gaynor also erroneously filed a duplicate notice of appeal to the Court of Civil Appeals, and that court transferred the appeal to this Court. We docketed that appeal as case no. SC-2025-0338. Upon Gaynor's motion, we dismissed that appeal by order on May 16, 2025.

<u>Analysis</u>

We dismiss this appeal. "Without a final judgment, this Court is without jurisdiction to hear an appeal. <u>Cates v. Bush</u>, 293 Ala. 535, 307 So. 2d 6 (1975)." <u>Ex parte Wharfhouse Rest. & Oyster Bar, Inc.</u>, 796 So. 2d 316, 320 (Ala. 2001). "The general rule is that a trial court's order is not final unless it disposes of <u>all claims</u> as to <u>all parties</u>." <u>Dickerson v. Alabama State Univ.</u>, 852 So. 2d 704, 705 (Ala. 2002)(emphasis added).

The circuit court's March 3, 2025, order granted Larkin's motion to dismiss but did not adjudicate Gaynor's claims against Williams. Therefore, the March 3, 2025, order was not a final judgment.

> "[W]hen an action contains more than one claim for relief, the court may 'direct the entry of a final judgment as to one or more but fewer than all of the claims or parties <u>only upon an express determination</u> that there is no just reason for delay and upon an express direction for the entry of judgment.' Rule 54(b)[, Ala. R. Civ. P.] (emphasis added)."

<u>Dickerson</u>, 852 So. 2d at 705. The circuit court's March 3, 2025, order did not purport to direct the entry of a final judgment regarding Gaynor's claims against Larkin pursuant to Rule 54(b), Ala. R. Civ. P.

On April 21, 2025, the circuit court entered an order stating that the March 3, 2025, order was "a final order as to … Larkin for purposes

4

of appeal subject to Alabama Rules of Civil Procedure 58(b)." (Emphasis added.) Assuming that the circuit court intended to cite Rule 54(b) instead of Rule 58(b), the circuit court lacked jurisdiction to certify the March 3, 2025, order as final pursuant to Rule 54(b) because, by the time the circuit court entered its April 21, 2025, order, Gaynor had already filed a notice of appeal to this Court on April 11, 2025. See Foster v. Greer & Sons, Inc., 446 So. 2d 605, 607 (Ala. 1984)(overruled on other grounds by Ex parte Andrews, 520 So. 2d 507 (Ala. 1987))("The [Rule] 54(b) orders entered after the appeal was taken were nullities, since the trial court was without power at that time to enter them.").

In Foster, this Court adopted a remand procedure that invests a trial court with jurisdiction that is limited to making a proper Rule 54(b) certification. 446 So. 2d at 609-10 ("When it appears from the record that the appeal was taken from an order which was not final, but which could have been made final by a Rule 54(b) certification, we will remand the case to the trial court for a determination as to whether it chooses to certify the order as final, pursuant to Rule 54(b), and, if it so chooses, to enter such an order and to supplement the record to reflect that certification. … This should not be viewed as an attempt to promote the

5

improper use of Rule 54(b), but only as a means of advancing the policy behind Rule 54(b) in a proper case. Rule 54(b) certifications should be granted only in exceptional cases and 'should not be entered routinely or as a courtesy or accommodation to counsel.' Page v. Preisser, 585 F.2d 336, 339 (8th Cir. 1978).").

We decline to order such a remand in this case because it is not apparent to us at this stage that a Rule 54(b) certification would be appropriate. See Million v. Shumaker, 384 So. 3d 609, 616 (Ala. 2023)("A Rule 54(b) certification is not proper if '"'the issues in the claim being certified and a claim that will remain pending in the trial court "'are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.'"'"' Fuller v. Birmingham-Jefferson Cnty. Transit Auth., 147 So. 3d 907, 911 (Ala. 2013)(quoting Lighting Fair, Inc. v. Rosenberg, 63 So. 3d 1256, 1263 (Ala. 2010)).").

We note that, although Larkin disagrees with this assessment on appeal, Gaynor has asserted to this Court that "[t]here is no clear indication from the record as to why the two [d]efendants received different outcomes, as it related to their [m]otions for [d]ismissal by the [the circuit c]ourt." Gaynor's brief at 17.

6

Moreover, the record before this Court indicates that Gaynor's complaint may yet be amended in the circuit court. See, e.g., Million, 384 So. 3d at 616 ("[T]he circuit court specifically ordered Million to 'amend her complaint within thirty (30) days to provide a more clear and concise statement of her allegations.' Dismissing the appeal will allow the circuit court to receive Million's amended complaint, which will hopefully allow the circuit court to discern the actual claims Million is asserting. Until there is greater clarity concerning Million's claims, it does not seem prudent at this juncture to remand the case and limit the circuit court's jurisdiction to simply choosing whether to enter a Rule 54(b) certification of the interlocutory order dismissing Million's claims against Shumaker.").

> "This Court has repeatedly emphasized that '"'"[c]ertifications under Rule 54(b) should be entered only in exceptional cases,"'"' because piecemeal appeals -- which typically entail considerable delay and expense -- are disfavored. Fuller v. Birmingham-Jefferson Cnty. Transit Auth., 147 So. 3d 907, 911 (Ala. 2013)(quoting Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So. 2d 354, 363 (Ala. 2004)); see also Wright [v. Harris], 280 So. 3d [1040,] 1043 [(Ala. 2019)] ('"'[C]ertifications under Rule 54(b) are disfavored.'"' (citations omitted)); Highlands of Lay, LLC v. Murphree, 101 So. 3d 206, 209 (Ala. 2012)('"'It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court

7

renders its decision on the remaining claims or as to the remaining parties.'"' (citations omitted))."

Bowling v. U.S. Bank Nat'l Ass'n, 380 So. 3d 1030, 1033-34 (Ala. 2023). Accordingly, in this case, we decline to order a limited remand pursuant to the procedure set forth in Foster and instead dismiss this appeal.

APPEAL DISMISSED.

Stewart, C.J., and Shaw, Mendheim, and McCool, JJ., concur.